## WILLIAM M. OBERSTAR v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

222 N. W. 2d 557.

October 18, 1974—No. 44488.

*Spellacy & Lano* and *O. C. Adamson II,* for appellant.
*Abate, Wivoda & Ketola* and *Jerry H. Ketola,* for respondent.

Heard before Sheran, C. J., and Peterson, Kelly, and Yetka, JJ., and considered and decided by the court.

PER CURIAM.

This appeal arises as a result of a collision between two uninsured snowmobiles. It presents for our consideration several issues regarding the applicability of the uninsured motorist coverage in plaintiff's automobile insurance policy to such a collision. Since we agree with the trial court that under the particular circumstances of this case the uninsured motorist coverage was applicable, we affirm its judgment for plaintiff.

Plaintiff, William M. Oberstar, was the owner of an automobile insured by defendant, State Farm Mutual Automobile Insurance Company. Plaintiff also owned an Arctic Cat snowmobile. While operating the snowmobile on a county highway on January 22, 1972, plaintiff was involved in a collision with a snowmobile owned and operated by one Dan Terisch. Neither plaintiff nor Terisch had acquired insurance on his snowmobile.

Plaintiff was injured as a result of being struck by the Terish snowmobile and attempted to recover for his injuries under his policy with defendant. The policy provided for uninsured automobile coverage in Insuring Agreement III. Under Agreement III, defendant insurer assumed the following obligations:

"* * * To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

The policy defined "insured," "insured automobile," and "uninsured automobile" for purposes of this coverage and also set forth several exclusions from coverage. In particular, the policy provided that uninsured motorist coverage did not apply "to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household if such vehicle is not an 'insured automobile.' "

On the basis of the definitions and exclusions, defendant insurer denied coverage. Plaintiff thereafter instituted this declaratory judgment action in the St. Louis County District Court. On the policy and the stipulations of fact, that court entered a declaratory judgment for plaintiff, from which defendant appeals.

Two issues confront us upon appeal, the first being whether the Terisch snowmobile which struck plaintiff was an "uninsured automobile" under the policy. The trial court held that it was and, under the particular definitions contained in plaintiff's policy, we agree. After setting forth the insurer's obligation to pay for personal injuries caused its insured by uninsured automobiles, the policy provided definitions of "automobile" and "uninsured automobile." The policy defined automobile, in relevant part, as "a four wheel land motor vehicle designed for use principally upon public roads." More specifically, for purposes of Insuring Agreement III, "uninsured automobile" was defined as follows:

"(1) a land motor vehicle with respect to the ownership, maintenance or use of which there is in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the

same denies that there is any coverage thereunder or is or becomes insolvent; or

"(2)    a hit-and-run automobile as defined;"

These definitions, as well as the definition of "motor vehicle" found in our Safety Responsibility statutes, Minn. St. 170.21, subd. 5,[1] might seem to exclude a snowmobile from being considered a motor vehicle for the purposes in question here. However, the policy issued by defendant also added that "the term 'uninsured automobile' shall not include * * * (v) a land motor vehicle designed for use principally off public roads except while being used on public roads." By its own terms, then, the policy included off-road vehicles under limited circumstances. Since the snowmobile which hit plaintiff was being used on a county highway, the policy included it as an "uninsured automobile."

We do not by disposition of the issue hold that a snowmobile is a "four wheel land motor vehicle" under the terms of the policy; nor, of course, do we hold that a snowmobile is a motor vehicle within the meaning of the Safety Responsibility Act, a question decided to the contrary in Stepec v. Farmers Insurance Co. 301 Minn. 434, 222 N. W. 2d 796 (1974). No such issues were raised by the parties, and accordingly they are not before us. We simply hold that, because the parties accepted the policy definitions as bringing a snowmobile within the provisions governing "automobiles," that alone is determinative as the law of the case.

The snowmobile which hit plaintiff being thus included under the policy, the second issue raised by this appeal is whether the exclusion of uninsured motorist coverage for an insured while occupying an owned motor vehicle other than the insured vehicle is effective to deny coverage. At the time of the accident, the in-

---

[1] Minn. St. 170.21, subd. 5, defines motor vehicle as "every self-propelled vehicle which is designed for use upon a highway, including trailers, and semi-trailers designed for use with such vehicles, except traction engines, road rollers, farm tractors, tractor cranes, power shovels, and well drillers."

sured was occupying an owned uninsured snowmobile. Even if it be assumed that the wording of the exclusion might be such as to encompass occupancy of an owned, uninsured snowmobile, our recent holding in Nygaard v. State Farm Mutual Auto. Ins. Co. 301 Minn. 10, 221 N. W. 2d 151 (1974), is controlling on the permissibility of such exclusionary clauses. We there held that because uninsured motorist coverage is protection for persons and not for vehicles, exclusions hinged upon the insured's presence in another owned vehicle are inconsistent with the protective purpose of our uninsured motorist statute, Minn. St. 65B.22. We accordingly agree with the trial court's conclusion that the stated exclusion was ineffective.

Affirmed.