Grafton
No. 81-472

## JOYCE A. MARDEN

v.

## THE STATE OF NEW HAMPSHIRE & a.

August 17, 1982

*New Hampshire Legal Assistance*, of Claremont (*Michael A. Fuerst* on the brief and orally), for the plaintiff.

*Gregory H. Smith*, attorney general (*Daniel J. Mullen*, attorney, on the brief and orally), for the State.

*Nighswander, Martin, KillKelley & Kidder P.A.*, of Laconia (*Bradley F. Kidder* and *James L. Burke* on the brief, and *Mr. Kidder* orally), for the defendant Hart's.

*Normandin, Cheney & O'Neil*, of Laconia (*Robert A. Dietz* on the brief and orally), for New Hampshire Hospitality Association, Inc., as amicus curiae.

KING, C.J.   The plaintiff, Joyce A. Marden, was a waitress at the defendant Hart's Restaurant Inc., d/b/a/ Hart's Turkey Farm

(Hart's), and was laid off from her full-time position in November 1979, due to a seasonal slow-down. She applied for unemployment compensation benefits, but was denied benefits by the defendant, the department of employment security (DES), on December 7, 1979. The plaintiff appealed to the appeal tribunal of DES, and her appeal was heard on January 9, 1980. Her claim for benefits was again denied. She then appealed to the Grafton County Superior Court, and on December 4, 1981, after a hearing on the merits, the Trial Court (*Johnson*, J.) found that she had not earned enough wages to qualify for benefits and that tips received directly from customers were not wages as that term was defined in RSA 282:1(O) (codified in RSA 282-A:15 (Supp. 1981)). From this finding, the plaintiff appealed to this court. We reverse.

To have qualified for benefits in 1979, a person had to have earned at least $600 in wages in each of two quarters during the base period. Laws 1979, 348:4(1) (requirement now raised to $800, in RSA 282-A:25). In 1978, which was the base period, *see* RSA 282-A:2 (Supp. 1981), the plaintiff received "wages," *i.e.*, money paid directly from Hart's Restaurant, amounting to only $24.95 in the first quarter, $496.82 during the April–June quarter, $574.37 during the July–September quarter, and $365.83 in the last quarter. The plaintiff, however, received tips from customers, which were reported as income on her W-2 federal income tax form, in the amounts of $23.57 for the first quarter, $657.01 for the April–June quarter, $789.11 for the July–September quarter, and $884.11 for the last quarter. Therefore, her total income for each of the April–June and July–September quarters, $1,153.83 and $1,363.78 respectively, exceeded the $600 minimum.

The plaintiff reported her tips weekly in writing to her employer. Because the plaintiff earned tips, her employer obtained a credit against its obligation to pay the minimum wage. If the plaintiff had not earned sufficient tips so that her salary plus tips would have equalled at least the minimum wage, the defendant Hart's would have had to pay her the minimum wage, and the defendant DES would have then included all of the plaintiff's income as wages.

The only issue presented in this case is whether the plaintiff's tips should have been deemed wages as defined by RSA 282:1(O) (codified in RSA 282-A:15 (Supp. 1981)), thereby qualifying the plaintiff to receive unemployment benefits.

The definition of wages in RSA 282:1(O) states that:

> " 'Wages' means *every form* of remuneration for personal services paid or payable to a person *directly or indirectly*, by his employing unit, including salaries, commissions,

bonuses, and the reasonable value of board, rent, housing, lodging, payment in kind and similar advantages estimated and determined in accordance with the rules of the commissioner of the department of employment security."

(Emphasis added.) Stating that the use of the phrase "all remuneration" when defining wages indicated the legislature intended to define wages as broadly as possible, a Pennsylvania court concluded that "the term 'all remuneration,' standing alone, is sufficiently broad to include tips received by a waitress regardless of the manner of collection or disbursement." *Unemp. C.B.R. v. Churchill V.C.C., Aplnt.*, 19 Pa. Commw. 430, 434, 338 A.2d 738, 740 (1975); *see Dearing v. Arizona Dept. of Economic Sec.*, 121 Ariz. 203, 208, 589 P.2d 446, 451 (1978).

The plaintiff argues that we should similarly interpret this State's statute, and contends that the phrase "paid . . . indirectly, by [the employer] . . ." within the statutory definition of wages, encompasses tips received by her. We agree.

The trial court found that the defendant Hart's had total control over the manner in which the plaintiff was paid. Not only did Hart's require the plaintiff to report her tips in writing to it, but also it could have altered the method by which the plaintiff received tips. Hart's could have required that all tips be pooled by employees, or it could have added on a fixed gratuity to each customer's bill and discouraged personal tipping. Under either of these alternatives, the parties agree that the tips would constitute wages. To conclude, therefore, that tips received as the plaintiff received hers here are not wages is both illogical and unjust.

■■ The defendants argue that the legislature intended to exclude tips from its definition of wages when it amended the statute in 1941. *See* Laws 1941, 103:9. While we agree that, prior to 1941, the statute expressly included tips as wages, Laws 1937, 178:1(O); Laws 1939, 138:7(O), we do not agree that the amendment was intended to exclude tips. Rather, the legislature adopted a broad definition of the term wages, *see* Laws 1941, 103:9, and then provided a list of exclusions, *see* Laws 1941, 103:9(1)(a)–(d), which were not provided before the amendment. *See* Laws 1937, 178:1(O); Laws 1939, 138:7(O). Where the legislature has expressly stated certain exclusions, we are not inclined to make further exclusions by implication. *See Vaillancourt v. Concord Gen. Mut. Ins. Co.*, 117 N.H. 48, 51, 369 A.2d 208, 210 (1977).

■ For the foregoing reasons, we conclude that the plaintiff's tips, which were regularly reported to her employer, are "wages"

for the purpose of qualifying for unemployment compensation benefits.

This opinion is effective as of August 17, 1982, but retrospective to Joyce A. Marden who undertook the effort and expense to challenge the law. *Merrill v. Manchester*, 114 N.H. 722, 730–31, 332 A.2d 378, 384 (1974).

*Reversed and remanded.*

BOIS, J., dissented; DOUGLAS, J., did not sit; the others concurred.