NORTH STAR MUTUAL INSURANCE
COMPANY, Appellant,

v.

Robert MOON, Tracie Dingman, Mike
Steidl, d.b.a. Mike Steidl Road
Maintenance, Respondents,

Joe Doe Corporation, Defendant,

Delores Moon, guardian for Dawnette
Moon, a minor, Kawasaki Motors Cor-
poration, U.S.A., K & K Sports, The
Township of Alexandria, Minnesota,
Respondents.

and

DAIRYLAND INSURANCE COMPANY,
plaintiff in intervention,
Respondent,

v.

NORTH STAR MUTUAL INSURANCE
COMPANY, defendant in
intervention, Appellant.

No. C6–83–1099.

Supreme Court of Minnesota.

Nov. 2, 1984.

Frederick L. Grunke, St. Cloud, for ap-
pellant.

Jeffrey R. Brauchle, Minneapolis, for De-
lores Moon.

Jeffrey D. Pederson, Wadena, for Steidl.

Ronald Michaelson, Minneapolis, for Ka-
wasaki.

Richard Pemberton, Fergus Falls, Ralph
Tillitt, Alexandria, for Alexandria Tp.

Michael Ford, St. Cloud, for Dairyland
Ins.

Paul Widick, St. Cloud, for Dingman.

Craig H. Anderson, Minneapolis, for K &
K Sports.

Joseph M. Goldberg, Minneapolis, for
Robert Moon.

SIMONETT, Justice.

We hold that a registered, insured, three-
wheel, all-terrain vehicle (ATV), when own-
er-modified for travel on the public road
and when traveling on the public road, is a
"motor vehicle" within the meaning of a
motor vehicle exclusion of a farm liability
policy. We reverse the trial court's con-
trary ruling.

In April 1981, defendant-respondent Rob-
ert Moon purchased a Kawasaki three-
wheel, all-terrain vehicle. About 2 months
later, a minor driver was operating the
ATV on a township road, lost control, and

in the resultant accident, a passenger, Moon's 14-year-old daughter, was seriously injured. Moon has a motorcycle liability insurance policy with Dairyland Insurance Company, which covers him and the driver for his daughter's injury claims. Moon also has a comprehensive farm liability policy with plaintiff-appellant North Star Insurance Company, under which he seeks additional protection.

North Star denied coverage for the accident, claiming the motor vehicle exclusion in its farm liability policy applies. It has brought this declaratory judgment action, naming all interested parties as defendants, to determine the coverage question. The trial court held that the policy exclusion did not apply and that the North Star policy provides coverage. North Star appeals.

Appellant's policy provides that its coverage does not apply—

(c) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

    \*     \*     \*     \*     \*     \*

(2) any motor vehicle owned or operated by \* \* \* any insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the insured premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the insured premises or kept in dead storage on the insured premises; \* \* \*.

A "motor vehicle" is defined elsewhere in the policy as:

[A] land motor vehicle \* \* \* *designed for travel on public roads* \* \* \* but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehi-

cle, crawler or farm type tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads. [Emphasis added.]

The trial court considered the decisive issue to be whether Robert Moon's ATV was "designed for travel on public roads," and decided that it was not. It is this issue that North Star brings to us on appeal.[1]

Moon's Kawasaki three-wheeler is a low-slung vehicle with large balloon-type, knobby tires. It has a 4-cycle 198 cc. engine, standard 5-speed transmission, dual mode differential, a headlight, brakes and electrical ignition. It has no doors, no roof, no reverse gear. The manufacturer's sales literature describes the three-wheeler as an all-terrain vehicle, gives instructions for operating it on rough terrain and on hills, and mentions that it is handy for farm chores. The Owner's Manual admonishes, "This vehicle is for off-road use only. Use on public streets, roads, or highways is prohibited by law." Robert Moon testified, however, that he had purchased the ATV with the intention of also using it on public roads. He had discussed this with the retailer who told him it would be necessary, for public road operation, to install a mirror, a horn and a brake light. Except for the horn remaining to be installed, these modifications were made before Moon took delivery of the ATV. On taking delivery, Moon purchased motorcycle insurance coverage for the vehicle from Dairyland and registered his ATV with the Department of Public Safety so that it was a licensed vehicle.

The trial court found that Moon's three-wheeler "was not designed for travel on public roads." Adding such things as a brake light to the ATV so it could be driven on public roads, said the trial court, "does not alter the fact that the design of the vehicle was not for use on such roads."

---

1. A "recreational motor vehicle" is defined in the policy as a golf cart or snowmobile, or "if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads." In its trial memo, the district court says that only passing refer-

ence was made at trial to whether Moon's ATV was excluded from policy coverage as a recreational motor vehicle and the court could not find that it was. North Star does not raise this issue on appeal.

Nor did the trial court think it significant that the ATV was licensed, because, it said, the state will issue a license for any type of vehicle, whether designed for use on or off the public roads.

Respondent Moon agrees, of course, with the trial court. Moon says it is obvious from the physical and performance characteristics of the ATV, as well as from the manufacturer's sales literature, that the ATV was designed for travel off public roads. Moon concedes that it is possible to travel on a public road in an ATV, and that, living in the country, he would be using the ATV on the local roads from time to time; but, he argues, this does not alter the fact that the vehicle was not designed for such travel. On the other hand, North Star stresses the owner's admitted intent to use the ATV on public roads and, in furtherance of that purpose, the alterations made to the vehicle and its registration for public road travel.

There is no real factual dispute. Our role, then, is to decide whether the trial court properly interpreted the insurance policy language in light of the facts presented. *Associated Independent Dealers, Inc. v. Mutual Service Insurance Companies*, 304 Minn. 179, 183–84, 229 N.W.2d 516, 519 (1975). North Star's policy language is not uncommon, although some policies add that the motor vehicle is designed for use "principally" or "mainly" on public roads. Sometimes the motor vehicle definition arises when an insured is seeking to collect uninsured motorist or other first party benefits, and then it may be to the insured's advantage to show that the ATV *is* a motor vehicle. Here we have the converse. The insured, seeking to establish third party liability coverage for claims against him, tries to show that under a farm liability policy the ATV *is not* a motor vehicle.

In *Stepec v. Farmers Insurance Exchange*, 301 Minn. 434, 222 N.W.2d 796 (1974), a snowmobile could fit under either of two statutory definitions, either as a vehicle "designed for use upon a highway" or as a vehicle "designed for travel on snow or ice." We said a vehicle was "designed" for a particular purpose when the vehicle was "intended and adapted" for that purpose and, looking at the legislative policy involved, concluded that a snowmobile was a vehicle intended and adapted for travel on snow or ice.

We think somewhat the same approach is warranted here. We agree that the ATV, as originally designed, was intended and adapted for off-road travel. But the ATV was then modified, registered and insured by the owner for travel on public roads. Consequently, it can also be said that Moon's ATV was intended and adapted for public roads. (If the modifications were minor equipment changes, as Moon contends, they were also significant modifications because they were necessary for public road travel.)

Perhaps it can be said Moon's ATV, as now modified, is designed for both on- and off-public road travel. We must also, however, keep in mind that we are construing an insurance policy, and that the policy we are construing is not an automobile or motorcycle liability policy with exclusions for non-auto risks, but a comprehensive farm liability policy with exclusions for automobile risks. Appleman writes, "Liability insurance is generally written for a specific hazard in order to enable the underwriter to calculate premiums on some equitable as well as predictable basis. As a result, the hazard to be covered under each policy is carefully defined and other hazards are excluded." 7A Appleman, *Insurance Law and Practice* § 4500.04 at 209 (1979). The author goes on to say, "[U]nless the automobile hazard is included in a general liability policy, use of automobiles is excluded, or only covered within a narrow limit such as on premises." *Id.*

We do not think an accident which occurs on a public road with an ATV such as Moon's, which was intended and adapted for lawful travel on public roads, presents the kind of risk contemplated by North Star's farm liability policy. We hold, therefore, in this fact situation, that Moon's ATV is a "motor vehicle" under North

Star's motor vehicle exclusion, and, therefore, North Star does not have coverage for this accident.

Both parties cite *Kashmark v. Western Insurance Companies*, 344 N.W.2d 844 (Minn.1984), as in their favor. There we held, interestingly enough, that for purposes of uninsured motorist coverage under an auto liability policy, an unregistered, uninsured and unmodified three-wheel cycle *was* a motor vehicle, because it was being used on a public road. The policies involved defined a motor vehicle as one "designed mainly for use off public roads *while not on public roads.*" (Emphasis added.) We were not presented, in *Kashmark*, however, with either the facts or the issue that we have here.

Reversed.