STATE AUTOMOBILE AND CASUAL-
TY UNDERWRITERS, Respondent,

v.

Robert Allan RUNIA, Defendant,

Beth Ann Becker, Larry Dennis
Hills, Appellants.

No. C6–84–1999.

Court of Appeals of Minnesota.

March 5, 1985.

W. Scott Herzog, Minneapolis, for respondent.

John W. Carey, Fairfax, for Beth Ann Becker.

Jeffrey O. Knutsen, Minneapolis, for Larry Dennis Hills.

Considered and decided by HUSPENI, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is a joint appeal by appellants Beth Ann Becker (Becker) and Larry Dennis Hills (Hills) from a declaratory judgment that denied insurance coverage to Roger Allan Runia (Runia). Becker contends that Runia was an insured by virtue of the Safety Responsibility Act, Minn.Stat. § 170.54 (1982), and under the terms of the insurance policy. The trial court held that application of the Act to the policy definition of "insured" resulted in no coverage. We affirm the trial court's determination that the insurer had no duty to defend or indemnify Runia.

## FACTS

Becker was seriously injured while riding as a passenger on a snowmobile driven by Runia. The snowmobile was owned by Robert Becker, Becker's father. Runia had permission to drive it. The snowmobile collided with a tractor-trailer driven by Hills. Becker brought a negligence action against both Runia and Hills.

The snowmobile was insured by State Automobile and Casualty Underwriters Co. (State Auto) under a "Recreational Vehicle Endorsement" to Robert Becker's homeowner's insurance policy. Defense of Becker's action against Runia was tendered to State Auto under the policy. State Auto brought this declaratory judgment to determine whether, in fact, it was obligated to defend or indemnify Runia in the personal injury action. The court ruled that State Auto had no such obligation.

## ISSUES

1. Is a snowmobile a motor vehicle for purposes of the Safety Responsibility Act?

2. Was Runia an insured under the terms of Robert Becker's homeowner's policy?

## ANALYSIS

1. Becker first argues that the Safety Responsibility Act applies to snowmobiles, and therefore her injuries should be covered. The Safety Responsibility Act states:

Whenever any *motor vehicle* shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

Minn.Stat. § 170.54 (1982) (emphasis added).

At one time the Safety Responsibility Act contained a definition of motor vehicle which would have excluded snowmobiles. This was repealed when no-fault legislation was enacted. Minn.Stat. § 170.21, subd. 5 (Repealed Laws 1974, c. 408, § 33, eff. Jan. 1, 1975). The definition of motor vehicle under the Safety Responsibility Act was then replaced by a similar definition in the No-Fault Act:

"Motor vehicle" means every vehicle, other than a motorcycle or other vehicle with fewer than four wheels, which (a) is required to be registered pursuant to Minnesota Statutes, Chapter 168, (b) is

designed to be self-propelled by an engine or motor for use primarily upon public roads, highways or streets in the transportation of persons or property, or (c) is a trailer, when connected to or being towed by a motor vehicle.

Minn.Stat. § 65B.43, subd. 2 (1982). We read this no-fault definition of motor vehicle into the Safety Responsibility Act. *See Stepec v. Farmers Insurance Co.,* 301 Minn. 434, 222 N.W.2d 796 (Minn.1974). A snowmobile falls outside this definition of motor vehicle.

■ Becker contends, however, that the definition of a motor vehicle may be supplemented in a given case by the terms of an insurance policy. She contends that the snowmobile is a motor vehicle here because the homeowner's policy clearly defines it as such. It is true that our supreme court has construed automobile policies to include coverage for snowmobiles. *Oberstar v. State Farm Mutual Automobile Insurance Co.,* 301 Minn. 406, 222 N.W.2d 557 (Minn.1974); *Stepec; Kashmark v. Western Ins. Companies,* 344 N.W.2d 844 (Minn.1984). However, these cases do not go so far as to state that an insurance policy definition determines whether the Safety Responsibility Act applies to snowmobiles. To the contrary, *Oberstar* observes:

> By its own terms, then, the policy included off-road vehicles under limited circumstances. Since the snowmobile which hit plaintiff was being used on a county highway, the policy included it as an 'uninsured automobile.'
>
> We do not by disposition of this issue hold that * * * a snowmobile is a motor vehicle within the meaning of the Safety Responsibility Act, a question decided to the contrary in *Stepec.*

*Id.* at 409, 222 N.W.2d at 559.[1]

The language of an insurance policy influences the construction of its own terms,

but not necessarily the construction of a Minnesota statute. The policy, as a contract, may provide coverage beyond minimum requirements imposed by statute. However, we do not use the intent of two bargaining parties to construe legislative intent. For that reason, a policy definition of a motor vehicle does not supplement the statutory definition.[2]

■ 2. Becker next argues that coverage is available to her under the specific language of the policy. The standard policy language excludes coverage on claims involving snowmobiles. However, Robert Becker purchased a "Recreational Vehicle Endorsement" to the policy. The Endorsement provides coverage to an insured on:

> * * * recreational motor vehicles for which an additional premium is shown above and the described vehicle is not rented or leased to others or used in any speed or racing contest.

"Insured" is defined in the policy as:

> 3. * * * you and the following residents of your household:
>
> a. your relatives
>
> b. any other person under the age of 21 who is in the care of any person named above.
>
> * * * * * *
>
> d. with respect to any vehicle to which this policy applies, any person while engaged in your employment or the employment of any person included in 3a or 3b.

Runia was not a member of the Becker household and he was not driving while under their employ. Therefore he was not a named insured.

■ The policy's "Recreational Vehicle Endorsement" language does not expand the definition of an insured. The endorsement merely extends the circumstances un-

---

1. *Stepec* was decided before the repeal of section 170.21, subd. 5, and relied on that definition.

2. In its memorandum, the trial court stated that the Safety Responsibility Act did apply here, but denied coverage because the definition of "insured" under the policy did not extend to the owner's "agent." We agree with the trial court's decision denying coverage, but do not adopt its reasoning regarding the applicability of the Act.

der which persons already insured may be covered.

## DECISION

The Safety Responsibility Act does not apply to snowmobiles; Runia was not an insured under the policy.

The trial court's decision is affirmed.