PLAZA 3 RESTAURANT CORPORA-
TION and One Hundred West
Corporation, Respondents,

v.

LABOR AND INDUSTRIAL RELATIONS
COMMISSION and Division of Em-
ployment Security, Appellants.

No. WD 36694.

Missouri Court of Appeals,
Western District.

Nov. 26, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Jan. 28, 1986.

Rick V. Morris, Chief Counsel, Division of Employment, Timothy P. Duggan, Labor and Industrial Relations, Jefferson City, for appellants.

William G. Levi/Sharon A. Cooney, Smith, Gill, Fisher & Butts, Inc., Kansas City, for respondents.

Before CLARK, C.J., and KENNEDY and BERREY, JJ.

CLARK, Chief Judge.

This appeal involves the interpretation and application of the Missouri Employment Security Law, Chapter 288, RSMo. 1978. The specific issue presented is whether tips given by restaurant customers to waiters and waitresses are wages upon which the employers must pay unemployment taxes.

The case developed when the Missouri Division of Employment Security notified respondent Plaza 3 Corporation on December 8, 1980, and respondent One Hundred West on January 18, 1982, that tips received by their employees after January 1, 1977, and October 1, 1977, respectively, constituted wages and unemployment taxes were due to be paid on those amounts. The respondents sought administrative review, an Appeals Referee affirmed the decision of the division and the Labor and Industrial Relations Commission denied respondents' application for review. Respondents then obtained review in the Cole County Circuit Court. In a decision which reversed the holding by the Commission, the trial court ruled the tips not to constitute wages subject to unemployment tax because they were not paid to the employee by the employer. The Division has appealed from that decision.

The facts of the case are both uncontested and uncomplicated. The waiters and waitresses are employed by respondents on an hourly wage basis. In addition to that compensation, these employees receive tips from the restaurant customers they serve. The tips are not paid over to respondents but are retained as added compensation by the employees. In order that respondents may deduct appropriate withholding taxes for the accounts of waiters and waitresses, however, these employees are required to report to respondents the amounts of tips each receives during a pay period. In some instances, respondents have used the reported tips as additions to amounts paid in hourly wages to reach minimum wage requirements under the Fair Labor Standards Act, 29 U.S.C. § 206. Although tips are generally paid waiters and waitresses by respondents' customers, they are not required as a condition for service, are not a component of respondents' menu prices and are entirely gratuitous.

The decision that respondents are liable for unemployment contributions based on past tips reported to have been received by the waiters and waitresses brings in issue two points. The first is whether tips are wages within the definition provided by § 288.036, RSMo.1978. The second, assuming an affirmative answer to the first proposition, is whether tips are paid to the waiters and waitresses by the respondents, a further condition under § 288.090, RSMo. 1978 to contribution liability. We conclude that, although tips are wages within the statutory definition, they are not paid by the employer and are not includable for computation of the tax.

The obligation for payment by employers to the unemployment compensation fund is set out in § 288.090, RSMo.1978 [1] where, in the sentence applicable here, the statute provides:

"Each employer shall pay contributions equal to two and seven-tenths percent of wages paid by him with respect to employment during each calendar year * * *."

The calculation of contributions, dependent as it is on the amount of wages, requires a definition of what constitutes wages. This is found in § 288.036, RSMo. 1978 [2] which defines wages:

"[A]ll remuneration, payable or paid, for personal services including commissions, bonuses and, * * * the cash value of all remuneration paid in any medium other than cash."

The parties in their briefs engage in some discussion as to whether the statutes in question should be strictly or liberally construed. Respondents argue that a strict construction rule appropriate to taxing laws should be applied. Appellant counters by urging that the statutes deserve liberal construction because of their remedial purpose addressing the social effects of unemployment. In the circumstances here, it is unnecessary to adopt either argument because the statutes are not ambiguous and must be given effect within the plain meaning of the language used.

The first point of contention is whether the tips received by waiters and waitresses from respondents' customers constitute wages accountable in the calculation of respondents' contributions to the unemployment compensation fund. Respondents argue they are not because there is no assurance any tips will be received and there is no enforceable obligation on the part of respondents or their customers that servic-

---

1. Prior versions of the law used the phrase "payable by him" in place of the present "paid by him." Section 9427, RSMo.1939; Section 288.-050–2(1), RSMo.1949. In 1980, Section 288.090 was amended to provide an alternate means of assessing contributions based on an "average industry contribution rate." Thus, if the industry experience shows an excess of benefits claimed, the employer contribution rate will rise above 2.7%.

2. In 1984, Section 288.036 was amended by adding the following sentence: "Gratuities, including tips received from persons other than the employing unit, shall be considered wages if required to be reported as wages under the Federal Unemployment Tax Act, 26 U.S.C. Section 3306."

es rendered by the waiters and waitresses will result in these additional sums being due. Respondents also point to the amendment of § 288.036 adopted by the General Assembly in 1984 which expressly added tips as includable in the calculation of employer contributions under certain conditions. They say this amendment indicates that prior to 1984, tips were not considered to be wages, else the legislature would not have acted to change the law.

Appellant argues that the term "wages" should be given a liberal construction and that any sums an employee receives arising out of services performed for the employer constitute wages. Appellant further notes that it is inconsistent for respondents to claim the tips are not wages but, at the same time, to use the amount paid in tips to satisfy the federal minimum wage law requirements. Finally appellant cites *Missouri Division of Employment Security v. Labor and Industrial Relations Commission*, 647 S.W.2d 893 (Mo.App.1983) for the proposition that a benefit which yields a worker more disposable income may constitute wages even though not paid in money.

The last cited case, in which benefits to an employee in terms of new employment nearer his home and with uniforms furnished were taken into account to compare one employment with another, is not particularly helpful because the issue in the case was not calculation of employer contributions to the compensation fund or computation of unemployment benefits. The question there was whether the employee was disqualified from unemployment benefits because he had voluntarily quit a higher paying job to take another at a lower hourly wage. The opinion held the jobs to be at least equivalent because the reduced transportation costs and uniform allowance netted the employee more disposable income.

The parties' arguments on this phase of the case have tended to cloud the issue by focusing on the term "wages" used in the section of the act dealing with assessment of employer contributions. As Section 288.036, RSMo.1978 indicates, the term "wages" is not to be used in the narrow sense of salary but instead is intended to include "all remuneration." It is therefore the term "remuneration" which controls and not wages.

Remuneration is a broad term including reward, pay, compensation or recompense for work done, service performed or loss incurred. To remunerate is to pay for a service, loss or expense. Remuneration includes sums which may be a payment in exchange for a service or an unexpected reward for service neither of which requires a prior contracted obligation. *Webster's New World Dictionary of the American Language*, 2d. Ed.1975; *Webster's New Collegiate Dictionary*, 8th Ed.1979; *Webster's Third New International Dictionary* (1981).

■ In the present case, the waiters and waitresses receive remuneration for services by wages and tips, the former paid by respondents and the latter by customers. The tips are not wages because they are neither guaranteed in amount nor assured of payment. Both wages and tips are, however, remuneration within the employment compensation statute because the payments are generated by and are compensation for the same service. The distinction between wages and tips is therefore irrelevant because the operative term is remuneration.

The language used in § 288.036, RSMo. 1978 prior to amendment in 1984 indicates the intent of the legislature to include as wages for computation of contributions under § 288.090, RSMo.1978 all remuneration employees receive, subject to the qualification hereafter noted that such be paid by the employer. Tips constitute remuneration and, hence, wages, but from and after 1984, they are includable only if required to be reported under the federal unemployment tax act. The contention by appellant here that tips are wages under § 288.036, RSMo.1978 is sustained.

The second point to be considered turns on the language of the statute, § 288.090, RSMo.1978, in which the calculation of the tax is based on wages "paid by" the employer. Respondents argue that under the

facts of this case in which respondents exercise no control over the tips, do not redistribute the money among other employees or require any sharing by one employee of his tips with other employees, it cannot be said that the component of wages consisting of tips is paid by respondents. The appellant makes no argument to counter this proposition and offers no suggestion as to why the directive of the statute means other than what it expresses.

No Missouri case applying this section of the statutes has been cited or found. Cases from other jurisdictions are of some assistance but must be qualified by reason of state statutes differing from the Missouri law. The closest case appears to be *Doyal v. Roosevelt Hotel*, 234 So.2d 510 (La.App.1970). There the question was whether tips received by Doyal in his employment as a waiter for the hotel constituted wages under the Louisiana Employment Compensation Law. The Louisiana law contained the same language as the Missouri statute. The employer was required to pay a percentage contribution based on wages "paid by him" to his employees. In holding that tips the employee received which were his own and for which he was not accountable to the hotel or other employees were not wages paid by the employer, the court noted: "This section standing alone is clear and unambiguous to the extent that wages, whatever their nature, must be those that are paid by the employer." The court held the tips Doyal received were not to be taken into account in computing unemployment benefits.

It is to be noted that the Louisiana law had been amended at the time of the Doyal case, but had formerly provided: "Gratuities customarily received by an individual in the course of his employment from persons other than his employing unit shall be treated as wages payable by his employing unit." This language was deleted in a subsequent revision. The *Doyal* court gave recognition to the intent of the legislature evidenced by its change of language in which tips received from persons other than the employing unit were no longer to be considered as wages paid by the employer.

In *Alexander Hamilton Hotel Corporation v. Board of Review of New Jersey Unemployment Compensation Commission*, 21 A.2d 739 (N.J.1941), the case was again one of a waiter whose employment was for a monthly wage, two meals a day and tips. The question was whether tips were to be taken into account in fixing unemployment compensation benefits. The New Jersey law set employer's contributions based on "wages payable by him." Wages were defined as remuneration payable by employers including all compensation, commissions, bonuses and the cash value of compensation paid in a medium other than cash. The court held the statute to be plain and unambiguous and to exclude from the computation of benefits any tips received by the employee from third parties.

The two cases cited above are to be distinguished from other types of cases where the statute is more comprehensive in the language used to describe the source of "wages." Thus, in *Marden v. State*, 122 N.H. 751, 451 A.2d 361 (1982), a waitress was held entitled to benefits based on wages and tips because the statute used the term "paid or payable to a person, directly or indirectly, by his employing unit." The word indirectly was construed to include payments from other sources such as customers. In *Florida Legal Services v. State*, 381 So.2d 1120 (Fla.Dist. App.1979), the suit was to challenge a rule of the Department of Labor and Employment Security excluding tips from the definition of wages. The rule was held to be invalid in light of the statute which defined wages as including "all remuneration paid for services from whatever source."

The four cases cited above indicate that inclusion or exclusion of tips or other forms of third party compensation in the computation of contributions and benefits depends on whether the applicable statute uses restrictive or broad language. In or-

der to justify deviation from the literal application of single source terminology, "paid by the employer," words of modification such as "directly or indirectly" or "from whatever source" must be found to indicate legislative intent that collateral sources be included.

It is a cardinal rule of statutory interpretation that where the language is plain and admits of but one meaning, there is no room for construction. *L & R Distributing Co. v. Missouri Department of Revenue,* 648 S.W.2d 91 (Mo.1983). "[The plain meaning rule] makes it necessary to determine whether a statute has a plain meaning or is ambiguous in order to know whether other indicia of intent or meaning should be considered. It is often declared that aids to interpretation can be used only to resolve ambiguity and never to create it." Sutherland, *Statutory Construction,* Section 46.04 (1984).

■ The present Missouri statute, Section 288.090, RSMo.Supp.1984, as well as the prior version in effect during the time interval relevant to this case, uses the language "wages paid by him." Regardless of the equities which suggest that waiters' tips form a part of the compensation for their services and are remuneration within the definition of the term wages as used in Section 288.036 both before and after the 1984 amendment, they plainly are not paid to the employees by the respondents in this case. The statute does not require contributions from employers on any wages except those paid by them. If compensation paid indirectly from other sources is to be included in the assessment of contributions and in the calculation of benefits, the subject must be addressed through an amendment of the statute by the legislature.[3]

The judgment of the Circuit Court reversing the decision by the Labor and Industrial Relations Commission is affirmed and the cause is remanded to the Circuit Court with direction that it remand the case to the Division of Employment Security for a redetermination of the liability of respondents, if any, for unpaid contributions of unemployment taxes in accordance with the views expressed in this opinion.

All concur.

---

**3.** We concede the likelihood that the legislature intended by its 1984 amendment of Section 288.036 to include at least a portion of tips in the computation of both contributions and benefits. Whether the failure to amend Section 288.090 to adopt broad language appropriate to third party payments was inadvertent or whether only tips administered by the employer were to be included is not an issue in this case.