Susan CHRISTIE, Mother and Natural Guardian of Hilary Christie, and Susan Christie, individually, Respondent,

v.

ILLINOIS FARMERS INSURANCE COMPANY, Appellant.

No. C4–98–134.

Court of Appeals of Minnesota.

June 23, 1998.

Review Denied Aug. 31, 1998.

Daniel A. Beckman, Gregory A. Wohletz, Gislason, Dosland, Hunter & Malecki, P.L.L.P., Minnetonka, for appellant.

Peter J. Schmitz, Schmitz & Opheug, Northfield, for respondent.

Considered and decided by CRIPPEN, P.J., and HARTEN and SCHULTZ,* JJ.

## OPINION

HARTEN, Judge.

The district court granted summary judgment in favor of respondent, concluding that a homeowners' policy covered injuries caused by a snowmobile. We reverse.

## FACTS

Larry and Karen Johnson bought a homeowners' insurance policy from Illinois Farmers Insurance Company (Illinois Farmers). The policy excluded liability coverage for injuries resulting from the operation or use of a motor vehicle.

Hilary Christie, a minor, was injured in January 1994 while operating a snowmobile owned by the Johnsons. Christie's mother sued the Johnsons, who looked to Illinois Farmers for coverage under their home-owners' policy. Illinois Farmers refused to defend or indemnify the Johnsons, contending that the snowmobile was a "motor vehicle" excluded from coverage under the homeowners' policy.

Judgment was entered against the Johnsons in the underlying lawsuit, and they assigned their rights under their homeowners' policy to Christie, who sued Illinois Farmers for coverage. The district court concluded that the motor vehicle exclusion was ambiguous and construed the exclusion in favor of coverage. This appeal resulted.

## ISSUES

1. Did the district court err by concluding that the motor vehicle exclusion in the homeowners' policy was not intended to encompass snowmobiles?

2. Did the court err by concluding that snowmobiles were excepted from the exclusion of coverage for motor vehicles?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

3. Did the court err by applying the doctrine of reasonable expectations?

## ANALYSIS

**1. Motor Vehicle Exclusion.** The homeowners' policy excluded coverage for bodily injury resulting from the use of a "motor vehicle," defined as

   a. a motorized land vehicle, including a trailer, semi-trailer, or motorized bicycle, designed for travel on public roads.

   \* \* \* \*

   c. *any other motorized land vehicle designed for recreational use off public roads.*

(Emphasis added.)

The district court concluded that the phrase "any other motorized land vehicle designed for recreational use off public roads" was subject to more than one interpretation, and therefore ambiguous. The district court reasoned:

   "Land" can reasonably be interpreted to mean on the ground, as opposed to on water or in the air, or it can also be interpreted to mean on earth, as opposed to on snow or ice.

We disagree. Language in an insurance policy is ambiguous "only if it is reasonably subject to more than one interpretation." *American Commerce Ins. Brokers, Inc. v. Minnesota Mut. Fire & Cas. Co.*, 551 N.W.2d 224, 227 (Minn.1996). Whether policy language is ambiguous is a question of law, which an appellate court may review de novo. *Hammer v. Investors Life Ins. Co.*, 511 N.W.2d 6, 8 (Minn.1994). If policy language is unambiguous, a court may not engage in construction, but must attribute to that language its "usual and accepted meaning." *American Commerce Ins. Brokers*, 551 N.W.2d at 227–28.

◼ The usual and accepted meaning of the term "land" vehicle encompasses snowmobiles, even though they ordinarily travel on snow or ice. As Illinois Farmers points out, an automobile is a "land" vehicle, even though it ordinarily travels on highways or

pointment pursuant to Minn. Const. art. VI, § 10.

pavement, rather than the earth itself. The obvious intent of the policy, in referring to "land" vehicles, is to distinguish vehicles designed for use in air or on water. *See Vaillancourt v. Concord Gen. Mut. Ins. Co.,* 117 N.H. 48, 369 A.2d 208, 211 (1977) (concluding that snowmobile was "land motor vehicle" within homeowners' policy definition of "automobile," and therefore not covered by policy).

■ The district court also questioned whether a snowmobile is "designed for recreational use off public roads," because a snowmobile may also be considered designed for other purposes, such as transportation or hauling.

Again, we disagree. Snowmobiles are included within the definition of "recreational motor vehicles" in Minn.Stat. § 84.90, subd. 1 (1996), governing limitations on the operation of recreational motor vehicles. *See also State Farm Ins. Cos. v. Seefeld,* 472 N.W.2d 170, 172 (Minn.App.1991) (quoting insurance policy defining "motor vehicle" as including a "snowmobile, or other motorized land vehicle owned by an insured and designed for recreational use"), *aff'd,* 481 N.W.2d 62 (Minn. 1992).

■ **2. Exception to Exclusion: Use Restriction.** The Illinois Farmers policy specifically excepted from its exclusionary definition of "motor vehicles" certain motorized land vehicles "not subject to motor vehicle registration, used only on an insured location."

Illinois Farmers cites evidence that the Johnsons' snowmobile was used on other locations. Christie does not dispute this evidence, but seeks to confine the evidence to snowmobile use on the date of the accident, claiming that on that date, the snowmobile was used only on the insured location.

The fact that the snowmobile was restricted to the insured location on the date of the accident is irrelevant. The policy broadly restricts coverage to an unregistered motor vehicle that is used only on the insured's property. As Illinois Farmers points out, this language is intended to encompass motorized vehicles such as farm machinery, riding lawn mowers, and so forth, which are used solely on an insured's own land. Motor vehicles such as snowmobiles, which commonly are used for recreation on locations other than the insured premises, offer greater risks than those contemplated by the ordinary homeowners' policy. *Cf. North Star Mut. Ins. Co. v. Moon,* 357 N.W.2d 95 (Minn. 1984) (concluding that risk from use of all-terrain vehicle on public road was not the kind of risk contemplated by farm liability policy).

■ **3. Reasonable Expectations.** The district court cited the reasonable expectations doctrine in support of its determination that the homeowners' policy covered the Johnsons' snowmobile.

■ The reasonable expectations doctrine provides that when the application of policy language would be contrary to the objectively reasonable expectations of an insured, courts will interpret the policy according to those reasonable expectations, even though a painstaking study of the policy would have negated those expectations. *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.,* 366 N.W.2d 271, 278 (Minn.1985). The courts have often limited the doctrine to policies with hidden exclusions. *See Ross v. City of Minneapolis,* 408 N.W.2d 910, 914 (Minn. App.1987), *review denied* (Minn. Sept. 23, 1987).

■ Whether an insured had an objectively reasonable expectation of coverage is a question of law. *Sicoli v. State Farm Mut. Auto. Ins. Co.,* 464 N.W.2d 300, 303 (Minn. App.1990). We conclude that here any expectation of coverage for snowmobiles was not reasonable, in light of the purpose and language of the homeowners' policy.

### DECISION

The snowmobile driven by Hilary Christie was a "motor vehicle" excluded from coverage under the Johnsons' homeowners' policy. The reasonable expectations doctrine is inapplicable to the facts of this case.

**Reversed.**