**Reba VAN BUREN, Plaintiff–Respondent,**

v.

**AMERICAN STATES INSURANCE COMPANY, Defendant–Appellant.**

**No. WD 44579.**

Missouri Court of Appeals, Western District.

Oct. 15, 1991.

Ronald R. McMillin, Carson & Coil, Jefferson City, for defendant-appellant.

Rex V. Gump, Hulen, Hulen, Tatlow & Gump, Moberly, for plaintiff-respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

TURNAGE, Presiding Judge.

Reba Van Buren brought a declaratory judgment suit against American States Insurance Company to determine whether Van Buren was entitled to any payment under her policy with American States for her damages caused by the operator of an underinsured motor vehicle. The court entered judgment in favor of Van Buren and ordered American States to pay $25,000.00 which was the amount of the underinsured motor vehicle coverage. American States contends that this case is governed by *Rodriguez v. General Acc. Ins. Co.*, 808 S.W.2d 379 (Mo. banc 1991), which held that language almost indentical to the language in this case was not ambiguous. Reversed.

This case was tried on a stipulation of facts. The parties stipulated that in June, 1989, Van Buren was a passenger in a vehicle owned by her. Although not stipulated, it appears that the Van Buren vehicle was struck by a pickup truck pulling a horse trailer operated by John Stewart. It was stipulated that Stewart was operating the pickup truck which was owned by his father-in-law, Donald Graham. The Graham truck was covered by a $25,000.00 liability policy issued by Cameron Mutual Insurance Company and Stewart was covered by a $50,000.00 policy covering any vehicle being driven by him issued by American Family Insurance Company. It

was further stipulated that Cameron Mutual had paid Van Buren its policy limits of $25,000.00 and American Family had paid her its policy limits of $50,000.00. It was stipulated that Van Buren's damages are in excess of $100,000.00.

It was stipulated that American States issued its policy of insurance in December, 1988, which names Van Buren as an insured. It was also stipulated that American States' policy issued to Van Buren provided that American States would pay damages which a covered person (insured) is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of injuries sustained by a covered person and caused by an accident. The policy defined an underinsured motor vehicle as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage."

The policy provided that the limit of liability for each person for underinsured motorist coverage is the "maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident." The policy further provided "[t]his is the most we will pay regardless of the number of covered persons, claims made, or vehicles involved in the auto accident." The policy further stated:

Any amounts otherwise payable for damages under this coverage shall be reduced by:

1. all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under the Liability Coverage of this policy.

The coverage for underinsured motorists was $25,000.00 per person/$50,000.00 per accident.

Van Buren contends that the policy is ambiguous in its definition of an underinsured vehicle and under the holding in *Tegtmeyer v. Snellen*, 791 S.W.2d 737 (Mo. App.1990), the underinsured coverage in this policy means payment for a loss that

exceeds the recovery from the other negligent driver up to the limit of the insured's policy.

After *Tegtmeyer* was decided by this court, the Supreme Court decided *Rodriguez.* The provisions of the Van Buren policy are practically identical with the provisions of the Rodriguez policy as set out in *Rodriguez. Id.* at 381. The court in *Rodriguez* held that the policy was not ambiguous because it clearly stated "that an underinsured motor vehicle is a vehicle whose limits for bodily injury liability are 'less than the limit of liability for this coverage.'" *Id.* at 382[6].

The definition of an underinsured vehicle in the Van Buren policy is identical to the definition in the Rodriguez policy. Here, it is agreed that Stewart was covered by a $25,000.00 policy and by a $50,000.00 policy. Obviously these amounts are not less than the $25,000.00 coverage which Van Buren had under her policy. Thus, the Stewart vehicle was not an underinsured motor vehicle within the definition of the American States policy. The court in *Rodriguez* noted that it was aware of the decision in *Tegtmeyer* as well as similar cases involving language in Farmer's Insurance Company policies, but held that those decisions were not applicable to the Rodriguez policy because the policy language in *Tegtmeyer* had treated uninsured coverage and underinsured coverage as identical. As in *Rodriguez,* the Van Buren policy treats underinsured and uninsured motor vehicles differently as shown by its definition of an underinsured motor vehicle.

Under the holding in *Rodriguez,* the conclusion is inescapable that the language in the Van Buren policy is not ambiguous. Because the Stewart vehicle was covered by more than $25,000.00 in liability insurance, the Stewart vehicle does not meet the definition of an underinsured vehicle in the Van Buren policy. Since the Stewart vehicle was not an underinsured vehicle within the meaning of the Van Buren policy, she is not entitled to recover under her policy for underinsured motor vehicle coverage.

The judgment is reversed and this cause is remanded with directions to enter judgment in favor of American States.

All concur.