Brittany **GIBNEY** and Michael Patrick Gibney by Stephanie **GIBNEY**, their next friend, and Stephanie Gibney, individually, Plaintiffs–Appellants,

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY,** Defendant–Respondent.

No. 63907.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 21, 1993.

Thomas M. Burke, P.C., St. Louis, for plaintiffs-appellants.

Robert L. Nussbaumer & Associates, Robert J. Danis, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiffs, the family of Glenn Gibney, decedent, appeal the granting of summary judgment in favor of defendant Progressive Casualty Insurance Company (Progressive). Gibney was killed in an automobile collision on September 13, 1990. The collision was caused by Charles Marshall. Summary judgment for Progressive was based on a finding Gibney's insurance policy, purchased from Progressive, did not provide underinsured motorist coverage for Gibney.

At the time of the collision, Gibney was driving his employer's vehicle. Marshall had an automobile insurance policy with limits of $25,000 per person, $50,000 per accident. Plaintiffs recovered $25,000 from Marshall's insurance company—the limits of his policy. Gibney's employer carried automobile insurance with State Farm Insurance Company. The State Farm policy included underinsurance coverage of $100,000. Plaintiffs recovered the limits of State Farm's underinsurance coverage.

Progressive issued an insurance policy to Gibney which included underinsurance coverage for two vehicles in the amount of $25,000 per person, $50,000 per accident. A separate premium was paid for underinsurance coverage on each vehicle. Plaintiffs filed suit against Progressive to recover the underinsured motorist coverage of Gibney's insurance contract. Progressive filed a Motion for Summary Judgment contending plaintiffs were not entitled to underinsurance motorist coverage as a matter of law on document facts through the Progressive insurance contract because the amount paid pursuant to Marshall's liability policy was equal to the underinsured coverage limit provided under the Progressive policy; thus, Marshall is not an underinsured motorist. The trial court granted summary judgment on this basis. Plaintiffs appeal.

█ When reviewing summary judgment, we must construe the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). Here, the summary judgment facts are contained in insurance documents, hence are undisputed.

Plaintiffs contend the provisions of Progressive's insurance contract relating to underinsured motorist coverage are ambiguous because it provides multiple definitions of the limits of liability available by identifying the policy limits of the underinsured motorist coverage by reference to the policy limits of uninsured motorist coverage.

*Rodriguez v. Gen'l Accident Ins. Co. of America,* 808 S.W.2d 379 (Mo. banc 1991) is dispositive of this appeal. The contractual language in *Rodriguez* is similar to the language in the Progressive policy. In *Rodriguez,* the contract had a set-off provision in the underinsured motorist coverage section. The set-off provision stated "the limit of liability shall be reduced by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." *Id.* at 381. *Rodriguez* held that since third party tortfeasor's coverage of $50,000 was equal to the limit of liability under plaintiff's policy of $50,000, tortfeasor was not underinsured as defined by plaintiff's policy. *Id.* at 382. Plaintiffs in *Rodriguez* were not entitled to recover the balance of their damages from their insurance carrier under the policy's underinsurance motorist coverage.

■ Although the portion of the Progressive contract defining underinsured motorist coverage makes reference to the portion on uninsured motorist coverage in defining "limits of liability," we find no ambiguity. The contract separately defines underinsured and uninsured in separate sections. In the contract, Progressive defines "underinsured motorist coverage" as the "sum of the limits of liability ... is less than the applicable Limits of Liability under this Part" and, "the total limit collectible by the insured ... includes the sums collectible under all ... insurance policies." In this same section the policy also states "We will pay damages ... for bodily injury to an insured person which that person is legally entitled to recover from the owner ... of an underinsured motor vehicle up to the Limit of Liability as defined in Part IV of your policy." The effect of these provisions is to allow Progressive to set-off the total sums an insured receives from the tortfeasor as a result of a collision with an underinsured motorist. This is reinforced by the provisions in the uninsured motorist coverage section.

The reduction clause found in the "Limits of Liability" portion of Part IV (the uninsured portion) reads: "the limits for 'each person' is the maximum for bodily injury", that Progressive will pay no more than the coverage purchased for one car for any one accident and "any amount payable" will be reduced by payment made by another legally obligated to pay. "Any amount payable" is mentioned only in this section and refers to "limits of liability" which is the amount of coverage the insured purchased.

■ Gibney bought underinsurance coverage equal to the amount of coverage Marshall bought. When Gibney recovered from Marshall an amount equal to his underinsured motorist coverage, Gibney was not entitled to stack his own coverage with the payment from Marshall.

The trial court correctly granted summary judgment in favor of Progressive.

Judgment affirmed.

SIMON, P.J., and PUDLOWSKI, J., concur.