**Thomas F. KENDALL,**
**Plaintiff/Appellant,**

v.

**AMERICAN FIRE & CASUALTY COMPANY OF the OHIO CASUALTY GROUP OF INSURANCE COMPANIES, Defendant/Respondent.**

No. 64684.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 29, 1994.

Appleton, Kretmar, Levin & Beatty, Robert O. Appleton, Jr., Todd N. Hendrickson, Clayton, for appellant.

Leritz, Plunkert & Bruning, P.C., Kathleen M. Thompson, Thomas J. Plunkert, St. Louis, for respondent.

GRIMM, Presiding Judge.

Plaintiff seeks to recover underinsured motorist benefits from defendant as a result of his son's death. Both parties filed summary judgment motions. The trial court denied plaintiff's motion and granted defendant's. Plaintiff appeals; we affirm.

## I. Background

■ We review the record in the light most favorable to plaintiff, according him all reasonable inferences. *See ITT Comm'l Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). On June 15, 1991, plaintiff's son rode in an automobile driven by Michael Wildeisen (Driver) but owned by Dwayne Jones (Owner). This automobile collided with another vehicle, killing plaintiff's son.

Three insurance policies were in effect: (1) Driver's liability policy, affording him $100,000/300,000 coverage; (2) Owner's vehicle policy, which had $25,000/50,000 coverage; and (3) defendant's policy issued to plaintiff. This policy provided $100,000 underinsured motorists coverage. Plaintiff settled with Driver's company for $95,000 and with Owner's company for $24,600.*

Defendant's policy stated:

### UNDERINSURED MOTORISTS COVERAGE

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of bodily injury:

1. Sustained by a **covered person;** and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

## II. Underinsured Vehicle Coverage

■ Plaintiff alleges that the trial court "erred in denying [his] Motion for Partial Summary Judgment and granting [defendant's] Motion for Summary Judgment because it improperly ruled that [Owner's vehicle] was not an underinsured motor vehicle in that [defendant's] policy *was ambiguous in its definition of an underinsured motor ve-*

---

* In view of our holding, we need not consider whether these payments constitute "exhaustion"  of all other liability insurance.

*hicle,* and such ambiguity should be construed against [defendant], the insurer." (emphasis added).

Defendant's policy defines an underinsured motor vehicle as:

a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

In *Rodriguez v. General Accident Ins. Co.,* 808 S.W.2d 379, 381 (Mo. banc 1991), our supreme court considered an underinsured motorist coverage policy containing an identical definition of underinsured motor vehicle. Although not directly considering that definition, the court concluded that the policy's underinsured motorist coverage was "neither ambiguous nor misleading." *Id.* at 383.

Thereafter, our western district colleagues interpreted a definition identical to the one before us. *Van Buren v. American States Ins. Co.,* 817 S.W.2d 6, 7 (Mo.App.W.D.1991). There the court said, "Under the holding in *Rodriguez,* the conclusion is inescapable that the language in the Van Buren policy is not ambiguous." *Id.* at 8.

Plaintiff acknowledges these holdings. Nevertheless, he argues that the policy is ambiguous because it uses conflicting terminology. He points out that the caption on the coverage page says "Underinsured Motorists Coverage," while the body of the page refers to an "underinsured motor vehicle."

"An ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract." *Rodriguez,* 808 S.W.2d at 382. Further, we are not permitted to create an ambiguity in order to distort the language of an unambiguous policy. *Id.* The definition of an underinsured motor vehicle used in defendant's policy has consistently been held to be unambiguous. *See id.* at 383; *Van Buren,* 817 S.W.2d at 8. The caption on the page does not create an ambiguity, and we find none.

■ Further, plaintiff attempts to distinguish *Van Buren.* He points out that in *Van Buren,* the owner's liability policy limits and the plaintiff's underinsured motorist cover-

age limits were the same. Here, Owner's liability policy limits are $25,000, while plaintiff's underinsured motorist limits are $100,000. Thus, he contends that $75,000 is available.

However, in *Van Buren,* the court referred to both the owner's and the driver's policies. *Id.* The court stated, "Obviously *these amounts* are not less than the $25,000.00 coverage which [plaintiff] had under her policy." *Id.* (emphasis added). Although arguably unnecessarily, *Van Buren* did consider both the owner's policy and the driver's policy.

Here, the relevant consideration is the total limit of insurance coverage for the operation of the vehicle at the time of the accident, regardless of whose policy supplies this coverage. Driver's operation of Owner's vehicle was covered by a limit of $125,000 in insurance—$100,000 from Driver's policy and $25,000 from Owner's policy. This amount is not less than the underinsured policy limit of $100,000. Thus, no coverage exists under defendant's policy.

The trial court's judgment is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.