Alvin C. TRAPF, et al., Plaintiffs/Respondents/Cross–Appellants,

v.

COMMERCIAL UNION INSURANCE COMPANY and Northern Assurance Company of America, Defendants/Appellants,

and

Kohn–Senf Insurance Agency, Inc., Defendant/Cross–Appellant.

No. 64471, 64474.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 16, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1994.

Application to Transfer Denied Nov. 22, 1994.

---

George F. Kosta, St. Louis, for appellant Commercial Union Ins.

Michael A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for respondent Trapf.

Michael S. Weinberg, Goffstein, Kraus, Sherman, Seigel & Weinberg, St. Louis, for Kohn–Senf.

KAROHL, Judge.

Alvin C. Trapf and George W. Engemann, the insured driver and his passenger, along with their spouses, Beverly I. Trapf and Edith R. Engemann, (hereinafter collectively referred to as insureds) filed suit against Commercial Union Insurance Company and its subsidiary, Northern Assurance Company of America, (hereinafter collectively referred to as insurer) and Kohn–Senf Insurance Agency, the Trapfs' insurance broker. Plaintiff insureds sought damages for personal injuries sustained by the driver and passenger, and damages for the spouses' loss of consortium, pursuant to the underinsured motorist provision of the Trapfs' insurance policy. The Trapf vehicle was involved in a collision with an allegedly underinsured vehicle. The court granted a judgment in favor of all insureds and against insurer. The alternative claim against the insurance broker seeking damages for its failure to procure underinsured motorist coverage was dismissed.

In this consolidated appeal, insurer contends the trial court erred in entering judgment in favor of insureds based on a finding of underinsurance coverage because the policy language was ambiguous. Insureds cross appeal dismissal of their alternative claim against the Trapfs' insurance broker, Kohn–Senf, for failure to provide a policy to cover their losses. We reverse the judgment for insureds and affirm the dismissal.

This case was tried without a jury on stipulated facts agreed to by plaintiffs and defendant insurer only. On November 4, 1987, driver Alvin Trapf was heading west on Highway 100 in Franklin County, Missouri. George Engemann was a passenger. Both driver and passenger received injuries when an eastbound vehicle driven by Elaine Landolt swerved into Trapf's automobile, causing a head-on collision. The negligence of Landolt was the sole cause of the collision. Landolt was covered by a policy of insurance with liability limits of $50,000 per person and $100,000 per collision. Trapf and his spouse were paid $50,000 by Landolt's insurance carrier. Engemann and his spouse were also paid $50,000. The Trapfs and Engemanns agreed not to execute and garnish upon any property of Landolt. They reserved their right to submit and pursue an underinsured

motorist claim against the insurer of the Trapf vehicle.

Alvin and Beverly Trapf had a policy of automobile insurance with defendant Northern Assurance Company of America covering their vehicle on November 4, 1987. The "coverage declarations" page of the policy notes under "underinsured motorist" bodily injury coverage of $25,000 per person and $50,000 per collision. The same amounts of bodily injury coverage are noted under "uninsured motorist." The parties did not stipulate whether or not a separate premium was charged to the Trapfs for the stated underinsured motorist limits. There is no evidence a premium charge was asserted and paid for underinsured coverage. All plaintiffs, the Trapfs and the Engemanns, were "covered persons" under the underinsured motorist provision.

Alvin Trapf and George Engemann sustained extensive injuries as a result of the collision, and their spouses sustained damages for loss of consortium. They filed this action against Northern Assurance, which they allege is wholly owned by Commercial Union, to recover the limits of the underinsurance motorist provision. Only two issues remained at the time of trial: (1) whether the insureds are legally entitled to be paid any underinsured motorist benefits under the policy; and, (2) the amount of damages, if any, due. The trial court found the Trapfs' and Engemanns' damages exceeded $100,000 each. The amount of damages is not contested on appeal. The trial court also found the terms of the underinsured motorist endorsement of the Trapf policy were ambiguous, and therefore should be construed in favor of coverage. It awarded $25,000 to the Trapfs and $25,000 to the Engemanns. The trial court then, on its own motion, dismissed the alternative claim against Kohn–Senf, the Trapfs' insurance broker, because that claim was premised on the broker's alleged failure to procure underinsured motorist coverage for the Trapfs.

■ Insurer's first of two points on appeal is dispositive. Insurer contends the trial court erred in finding underinsured motorist benefits were payable under the policy because the Landolt vehicle was not an "under-

insured motor vehicle" as clearly and unambiguously defined under the Trapf policy. We agree because the Landolt policy provided as much coverage as the underinsured limits in the Trapf policy.

Under a section of the policy entitled, **ENDORSEMENTS,** the following language appears:

> The following endorsement applies only if the declarations indicate a limit of liability for it.
>
> **UNDERINSURED MOTORISTS COVERAGE**
>
> We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:
>
> 1. Sustained by a **covered person;** and
> 2. Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**
>
> We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.
>
> . . . .
>
> **"Underinsured motor vehicle"** means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.
>
> However, **"underinsured motor vehicle"** does not include any vehicle or equipment:
>
> 1. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged.
>
> · · · · ·

The trial court found an ambiguity arises from two sentences in the policy. One provides coverage only if an underinsured tort-

feasor has less liability coverage than the limit of liability for the underinsured coverage, which is $25,000 per person and $50,000 per collision in the present policy. The other excludes from the definition of an underinsured vehicle a tortfeasor with less liability coverage than that required by the financial responsibility law of the state where the insured principally garages the car. In the present case the tortfeasor's vehicle was not covered by less liability coverage than required by law. In Missouri, that amount is $25,000 per person and $50,000 per collision. Section 303.190.2 RSMo 1986. A vehicle with less than these limits is considered uninsured and covered under "PART C—UNINSURED MOTORISTS COVERAGE":

A. We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury:"

1. Sustained by an "insured;" and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

.    .    .    .    .

2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.

*Under* insured coverage in this policy would cover a loss that exceeded the recovery from a tortfeasor only if the loss was greater than the limits of the tortfeasor's policy, and if the insured's underinsured coverage exceeded the tortfeasor's coverage limits. In the present case, the underinsured coverage was no additional benefit beyond what the uninsured benefits provided. Neither coverage exceeded the coverage of the tortfeasor's policy which complied with statutorily required minimums. On these facts, there is no uninsured or underinsured benefit owed plaintiffs by insurer.

We do not find the definitions ambiguous. Landolt had coverage of $50,000 per person. This exceeded the limits of the Trapfs' claimed underinsured motorist coverage, $25,000 per person. The Landolt vehicle was not an underinsured vehicle, as alleged. The true complaint about the underinsured motorist coverage in the Trapf policy is that the limits of coverage are too low in relation to Landolt's coverage to prove a benefit. But that is the policy the Trapfs purchased. They have agreed to provisions, as written, which would be unambiguous if they had purchased underinsured coverage in an amount greater than in the tortfeasor (Landolt's) policy.

Putting aside the exclusion of uninsured motor vehicles in the definition of underinsured motor vehicles, similar definitions of "underinsured motor vehicle" have been repeatedly found unambiguous by Missouri Courts. *Rodriguez v. General Accident Ins. Co. of America*, 808 S.W.2d 379 (Mo. banc 1991), *Gibney v. Progressive Casualty Ins. Co.*, 867 S.W.2d 670 (Mo.App.E.D.1993), *Van Buren v. American States Ins. Co.*, 817 S.W.2d 6 (Mo.App.1991). In the present case, the definition of underinsured contains an additional exclusion for other negligent drivers whose limits of liability coverage were below $25,000 per person or $50,000 per accident, because that would be covered under the definition of an uninsured motor vehicle. However, even without this exclusionary language, the insureds in the present case may not recover underinsured motorists limits because the recovery from the other driver's insurance carrier exceeded the specified limits of underinsured motorist coverage which they purchased. The plaintiffs each recovered $50,000, and the limit in the Trapf policy was $25,000 per person.

■ A court may not create an ambiguity in order to distort the language of an unambiguous policy, or, in order to enforce a particular construction which it might feel is more appropriate. *Rodriguez*, 808 S.W.2d at 382. The fact that there is no actual underinsured motorist coverage in the Trapf policy does not make it ambiguous. The judgment

awarding the Trapfs and the Engemanns each $25,000 pursuant to the underinsured motorist provision is reversed.

Insureds cross appeal the dismissal of their claim against Kohn–Senf Insurance Agency, arguing that dismissal was based upon mootness because of their success against insurer. To the extent the judgment against insurer is reversed, insureds argue they state an alternative cause of action against their insurance broker in that the broker breached a duty owed to them in failing to provide a policy with underinsured motorist coverage.

■ In reviewing the trial court's dismissal of the claim against Kohn–Senf for failure to state a claim upon which relief can be granted, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiffs, the averments invoke principles of substantive law entitling plaintiffs to relief. *Shapiro v. Columbia Union Nat'l Bank and Trust Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978). One requirement is the possibility plaintiffs have damages which may be recovered.

Defendant Kohn–Senf was not a party to the stipulation of facts entered into by insurer and insureds. The insureds' petition alleged Kohn–Senf is an insurance broker; it undertook to procure insurance for the Trapfs, of which the Engemanns would be third party beneficiaries; it became an agent and a fiduciary of the Trapfs; it owed them a duty to act with reasonable care and diligence in the procurement of the insurance requested by them, specifically $25,000 in underinsurance motorist coverage as requested by the Trapfs; and, it failed to obtain the coverage as requested. Furthermore, the petition alleged Kohn–Senf negligently and carelessly informed the Trapfs they had $25,000 of underinsured motorist coverage, when in fact they had no coverage under the provisions of the policy, and that it was impossible for them to ever collect under the underinsured motorist provision of the policy of insurance that Kohn–Senf obtained on the Trapfs' behalf.

These pleadings do not, and plaintiffs cannot, state a cause of action based on the absence of a benefit from underinsured motorist coverage of $25,000 per person, because insertion of coverage for that amount into the policy would be of no benefit to plaintiff insureds due to the $50,000 per person liability coverage in the tortfeasor's policy, which they have received. The extent of Landolt's liability coverage forecloses a finding her vehicle was underinsured in the policy defendant broker was asked to acquire.

The judgment against Commercial Union Insurance Company is reversed. Dismissal of insureds' claim against Kohn–Senf is affirmed.

AHRENS, P.J., and SIMON, J., concur.