**Gilbert KUEPER, and James Frerker, d/b/a Carlyle Distributing, Respondents,**

v.

**MURPHY DISTRIBUTING, d/b/a DEB, Inc., and Angie Hogan, Individually, Appellants.**

No. 69149.

Missouri Court of Appeals, Eastern District, Division Five.

July 23, 1996.

W.W. Sleater, St. Louis, for appellant.

Daniel J. Bruntrager, Mary L. Bruntrager, Bruntrager & Billings, St. Louis, for respondent.

Before CRANE, C.J., AHRENS, J., and WILLIAM E. TURNAGE, Senior Judge.

*ORDER*

PER CURIAM.

This case arises out of a petition on open account, filed in the Circuit Court of the City of St. Louis by plaintiffs Gilbert Kueper and James Frerker, d/b/a Carlyle Distributing, alleging defendants Murphy Distributing, d/b/a DEB, Inc. and Angie Hogan owed plaintiffs $41,801.75 for soda requested by and supplied to defendants. Neither defendant filed an answer and the trial court entered a default judgment against defendant Hogan on March 12, 1991. Hogan appealed the overruling of her motion to set aside the default judgment; the denying of her motion to reconsider or amend the judgment; and the denying of her motion to strike surplusages and enter final judgment. This court determined venue was improper because Murphy Distributing, the only defendant allegedly residing in the City of St. Louis, did not exist and therefore was not capable of being sued or establishing venue. The case was reversed and remanded with instructions that it be transferred to the Circuit Court of St. Louis County where venue was proper. *Kueper v. Murphy Distributing d/b/a DEB, Inc.*, 834 S.W.2d 875 (Mo.App.1992). After transfer, Hogan filed an answer to defendants' petition and a counterclaim alleging malicious prosecution. The circuit court sustained plaintiffs' motion to dismiss Hogan's counterclaim for failure to state a claim upon which relief can be granted. Plaintiffs' claim was tried by the court and judgment was entered in favor of Hogan, finding she was not liable for the money owed to plaintiffs. Hogan appeals the dismissal of her counterclaim, contending it was compulsory and stated a cause of action.

Hogan's appellate brief provides no support for her contention that her counterclaim stated a claim upon which relief can be granted. Likewise, our review of Hogan's pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing all allegations favorable to Hogan, reveals she has failed to invoke principles of substantive law which entitle her to relief. *See Trapf v. Commercial Union Insurance Co.*, 886 S.W.2d 144, 148 (Mo.App. 1994). Therefore, we find the trial court did not err in dismissing Hogan's counterclaim pursuant to Rule 55.27(a)(6).

A written opinion would have no precedential value and would serve no jurisprudential purpose. The judgment of the trial court is affirmed in compliance with Rule 84.16(b).