MFA MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,

Aetna Casualty & Surety Company, Intervenor-Plaintiff-Appellant,

v.

Ronald NYE, Judy A. Nye and Todd Allen Nye, and Richard C. Dickherber and Jennifer Dickherber, Defendants-Respondents.

No. 42269.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 16, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1981.

Applications to Transfer Denied
March 9, 1981.

Godfrey, Vandover & Burns, Inc., Samuel T. Vandover, St. Louis, for plaintiff-appellant MFA Ins. Co.

Daniel E. Wilke, Carter, Brinker, Doyen & Kovacs, Clayton, for intervenor-plaintiff-appellant.

Mogab & Hughes, Richard L. Hughes, St. Louis, for defendants-respondents Richard C. Dickherber and Jennifer Dickherber.

Lester W. Duggan, Jr., St. Charles, for defendants-respondents Ronald Nye, Judy A. Nye and Todd Allen Nye.

GUNN, Judge.

Appellant insurance companies appeal from a declaratory judgment action finding that policies of homeowners insurance issued by them applied to an accident in which respondent Jennifer Dickherber was seriously injured. Appellants contend that specific provisions of the policies exclude coverage. The trial court found otherwise. We affirm.

While Jennifer Dickherber was riding her bicycle in her yard, she was struck by a riding lawn mower owned by her father and driven by Todd Nye. As a result, she sustained serious injuries including the amputation of her right foot.

Todd Nye, a neighbor of the Dickherber's, had been hired by Mr. Dickherber to cut the grass. Todd, who was fifteen years old at the time of the accident and a full time high school student on summer vacation, had cut the Dickherber yard two to three times during the summer and was paid $1.25 per hour for his yard work. His summer activity in doing yard work for the Dickherbers and three other homes brought him a total sum of $175 which he accumulated for the purchase of a mini-bike.

The Dickherbers made claims against their own homeowner insurance carrier, appellant Aetna Casualty & Surety Co. (Aetna), and against Todd Nye's parents' home-owner insurance carrier, appellant MFA Mutual Ins. Co. (MFA). The two insurance carriers filed a declaratory action denying liability for coverage based on exclusion provisions within the insurance policies.

MFA—the Nyes' insurer—asserts the following policy language as affording coverage exclusion from any liability for Todd Nye's actions:

This policy does not apply:

1. Under Coverage E–Personal Liability and Coverage F–Medical Payments to Others:

d. To bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits:

e. To bodily injury or property damage arising out of any premises, other than an insured premises, owned, rented or controlled by an Insured; ....

MFA readily concedes that Todd Nye is an insured for personal liability purposes within its homeowner policy. It contends, however, that as the accident arose out of a business pursuit, i. e., cutting grass for hire, coverage did not apply. The first issue with which we deal, then, is whether Todd Nye's summer activity in cutting grass for the Dickherbers was a "business pursuit" within the meaning of the policy, thereby excluding coverage. We believe not.

The particular exclusionary language of the policy has been judicially determined to be unambiguous. *Dieckman v. Moran*, 414 S.W.2d 320 (Mo.1967); *Martinelli v. Security Insurance Co. of New Haven*, 490 S.W.2d 427 (Mo.App.1972). Thus, we apply the plain and ordinary meaning and effect of the language and not some contorted construction thereof. *Hrebec v. Aetna Life Insurance Co.*, 603 S.W.2d 666 (Mo.App.1980); *Heshion Motor Inc. v. Western International Hotels*, 600 S.W.2d 526 (Mo.App.1980).

At the time of the accident Todd Nye was a fifteen year old full time high school student on summer vacation. He

was paid $1.25 an hour to cut the Dickherbers' yard using their lawn mower—a job which he had performed two or three times previously. He also had done yard work in the summer for three other homes. His yard work earnings of $175 were not used for self support but for the purchase of a mini-bike. We believe it clear that the "business pursuits" exclusion of the Nyes' homeowner policy was not intended to apply to the particular facts and circumstances of Todd Nye's summer activities. As stated in *Firestine v. Poverman*, 388 F.Supp. 948, 952 (D.C.Conn.1975), involving a kindred situation and policy exclusion as in this case:

> Not only in the commercial world, but in our industrial society as a whole, there is a real distinction between one who pursues a business for profit and a sixteen-year old whose "course of employment" is holding down a summertime job on a maintenance crew.[1]

We take a like viewpoint as expressed by the court in *Firestine* and find that the "business pursuits" exclusion does not apply to Todd Nye's particular activities. *See Gulf Insurance Co. v. Tilley*, 280 F.Supp. 60 (D.C.Ind.1967), aff'd, 393 F.2d 119 (7th Cir. 1968); *Allied Mutual Casualty Co. v. Askerud*, 254 Minn. 156, 94 N.W.2d 534 (1959). In so finding, we are aware that insurance companies are not required to provide business enterprise coverage at homeowner policy rates. And our holding here does no violence to that principle. That is why we have carefully restricted our holding to the specific facts of this case.

■■■ The second exclusionary provision imposed by MFA as a revetment to coverage provides that the policy does not apply "to bodily injury . . . arising out of any premises, other than an insured premises, owned, rented or controlled by an insured". MFA argues that as the premises on which the accident occurred were not insured by it

or under the control of its insured—the Nyes—that coverage is excluded. But *Lititz Mutual Insurance Co. v. Branch*, 561 S.W.2d 371 (Mo.App.1977), delivered by this court, directly addresses this issue. *Lititz* holds that the exclusion liability for bodily injury or property damage "arising out of any premises, other than an insured premises, owned, rented or controlled by an insured" relates to the condition of the premises on which the accident or occurrence takes place but that tortious acts by insureds occurring on uninsured land are not excluded. Thus under the terms of the policy, there is floating coverage for the insured wherever he might be, but coverage for defects in the land are excluded. There is no defect in the land alleged in this case. Judge Smith in *Lititz* precisely covers the situation:

> The personal liability insured against is of two kinds: first, that liability which may be incurred because of the condition of the premises insured; secondly, that liability incurred by the insured personally because of his tortious personal conduct, not otherwise excluded, which may occur at any place on or off the insured premises. The insurance company may well limit (and has by exclusion 1(e)) its liability for condition of the premises to the property insured for which a premium has been paid. It is reasonable that the company may not provide for liability coverage on "conditions" which cause injury on other insured land. It would be a rare case where an insured was liable for the condition of premises which he did not own, rent or control. It is to be expected, therefore, that the company's liability for condition of the premises would be restricted to accidents happening on or in close proximity to the insured premises, and that premiums would be charged with that in mind. It would be unreasonable to allow an insured to expand that coverage to additional land and

---

[1] In *Firestine v. Poverman*, the trial court found that an ambiguity existed in the exclusionary language; hence the court was required to make an interpretation of the policy provision. But, as noted, the Missouri courts have found

the same exclusionary language to be unambiguous, requiring only an application of the plain and ordinary meaning. *Dieckman v. Moran*, 414 S.W.2d at 321.

structures owned, rented or controlled by him which are unknown and not contemplated by the company.

The company has not chosen to geographically limit the coverage provided for tortious personal conduct of the insured. If it had so intended, it could simply have provided that the exclusion ran to an accident "occurring on" other owned premises. There appears to be little reason to exclude personal tortious conduct occurring on owned but uninsured land, as little correlation exists between such conduct and the land itself. *Id.* at 374.

In *Lititz*, the tortious act occurred on a separate parcel of land owned by the insured but not covered by the homeowner policy. It was held that the tortious act was covered in spite of the lack of homeowners insurance on the land on which the act took place. *Lititz* is easily applied to the situation in this case in which the insured's tortious act takes place on another's property. It makes no difference whether or not the insured owns the land on which the tortious act takes place. Ownership of the land is not the criterion. The issue is whether the insured's homeowner's policy covers his tortious acts—regardless of where the act takes place. Such is the situation here, and the Nyes, including Todd Nye, are quite clearly covered for their tortious acts—regardless of where they take place or who owns the property where they occur.

Therefore, neither of MFA's arguments asserting coverage exclusion has merit.

Next, we treat the claim of the Dickherbers against Aetna under their own homeowner's policy, with Aetna raising two defenses: (1) the "business pursuits" exclusion which was unsuccessfully advanced by MFA and which we therefore need not again treat; (2) that as Todd Nye was not a full time employee of Mr. Dickherber in his electrical contracting business, no coverage was provided.

Aetna's homeowner policy covering the Dickherbers defines "an insured" and provides personal liability coverage "with respect to any vehicle to which this Insurance applies, [and to] any employee of any insured while engaged in the employment of the insured." Aetna acknowledges that at the time of the accident Todd Nye was an employee of its insureds, the Dickherbers. But Aetna offers that he was not a full time employee of Mr. Dickherber in his electrical contracting business. Hence, so argues Aetna, Todd Nye was not an "employee" and, therefore, not an insured within the meaning of its policy. Aetna relies on *State ex rel. Maryland Casualty Co. v. Hughes*, 349 Mo. 1142, 164 S.W.2d 274 (1942), and *Daub v. Maryland Casualty Co.*, 148 S.W.2d 58 (Mo.App.1941), to contend that the term "employee" is open for construction and denotes regular employment as distinguished from occasional or casual employment. Aetna stresses that coverage can be afforded only if the injury caused is by a full time employee of Mr. Dickherber's electric contracting business. But in so doing, Aetna overlooks its own "business pursuits" exclusion argument and the policy provision excluding coverage for the insured's own business activities.

■ The Dickherber policy is for homeowner coverage—not business coverage. Aetna's argument that the homeowner policy coverage applies only to the full time business employees of Mr. Dickherber in his electrical contracting business and not to the occasional or residence employee is too fenestrated to hold the light of legal logic. The clear intent and purport of the policy language is the opposite. And we hold in this case that the casual or part time employee, such as Todd Nye, whose duties or functions are in connection with the maintenance or use of the insured premises, is an insured within the meaning of the Aetna homeowner policy covering the Dickherbers. *See Allied Mutual Casualty Co. v. Askerud*, 254 Minn. 156, 94 N.W.2d at 538, 539.

We affirm the finding of the trial court that under the facts and circumstances of this case that Todd Nye is an insured under the provisions of the homeowner insurance policies issued by MFA and Aetna.

Judgment affirmed.

PUDLOWSKI, P. J., and WEIER, J., concur.