Rollin J. Moerschel, St. Charles, for defendants/respondents.

## AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff/Appellant,

v.

## Michelle BISHOP, Edward Bishop, Cheryl Bishop, Darlene Gardner and Burke Gardner, Defendants/Respondents.

### No. 52841.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1988.

GARY M. GAERTNER, Presiding Judge.

Appellant, American Family Mutual Insurance Co., appeals from a declaratory judgment entered by the St. Charles Circuit Court in favor of respondents. The trial court found that an insurance policy, which was issued by appellant to respondents Edward and Cheryl Bishop, afforded coverage to the Bishops for medical payments and personal liability arising from the accident at issue. On appeal, appellant argues that the trial court erred, based on the premise that the accident did not occur on insured premises. Finding appellant's contention to be without merit, we affirm.

The evidence reveals that on April 12, 1984, Michelle Bishop was operating a go-cart owned by her parents, Edward and Cheryl Bishop, on Surrey Hill Drive. Surrey Hill Drive is a two lane residential street on which is located Michelle's house. Michelle came down the street on the go-cart heading toward her house. Several children, who were standing in front of the Bishops' house in the street lane closer to the house, threw grass at Michelle as she drove by them. When the grass struck Michelle, the go-cart veered, went over the curb and onto property owned by the Crowders, where the go-cart struck Darlene

Gardner. The Crowder property is located across the street from the Bishop property.

Burke Gardner filed suit on behalf of his daughter, Darlene, and on his own behalf against Edward and Cheryl Bishop and Michelle Bishop. The Bishops notified their homeowner's insurance carrier, appellant, of the Gardners' lawsuit. On October 1, 1984, appellant filed a petition for declaratory judgment, requesting that the trial court determine the rights and liabilities of the parties under the insurance policy. The insurance policy contains a provision excluding coverage for bodily injury or property damage:

arising out of the ownership, negligent entrustment, maintenance, use, loading or unloading of ... motorized vehicles owned or operated by, or rented or loaned to any insured.

The definition of a motorized vehicle embraces:

a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designated for recreational use off public roads, *while off any insured premises....* [emphasis added]

Insured premises include "approaches and access ways immediately adjoining the insured premises." On January 14, 1987, the trial court entered its judgment finding that the insurance policy was ambiguous and that it afforded coverage to the Bishops for medical payments and personal liability arising from the accident. It is from this judgment that appellant appeals.

At the outset, this court notes the applicable standard of review in a declaratory judgment action. We will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Harold S. Schwartz & Associates, Inc. v. Continental Casualty Co.,* 705 S.W.2d 494, 497 (Mo.App., E.D.1985).

On appeal, appellant alleges that the accident did not occur on insured premises. Specifically, appellant asserts that the accident did not take place on an "approach[ ] or access way[ ] immediately adjoining the insured premises." Thus, appellant ar-gues, the insurance policy does not provide coverage for the accident.

This court must first determine whether the language "approach[ ] or access way[ ] immediately adjoining the insured premises" is ambiguous. The language of an insurance contract is ambiguous when doubt or uncertainty as to its meaning exists and it is fairly susceptible to different interpretations. *English v. Old Am. Ins. Co.,* 426 S.W.2d 33, 36 (Mo.1968). In the present case, there is uncertainty as to the distance or range embraced by the language at issue. When one views the policy's language in light of the meaning that would ordinarily be understood by a layman who bought and paid for the policy, *Robin v. Blue Cross Hosp. Serv., Inc.,* 637 S.W.2d 695, 698 (Mo. banc 1982), it becomes clear that the language is reasonably open to different interpretations.

Therefore, as the policy's language is ambiguous, this court may resort to a construction of the language employed therein. *State Dep't. of Public Health & Welfare v. Hanover Ins. Co.,* 431 S.W.2d 141, 143 (Mo.1968). In construing the policy, we must interpret the ambiguous language strictly against the insurer and liberally in favor of the insured. *English,* 426 S.W.2d at 35–36. The ambiguity must be given a broad interpretation so as to extend, rather than to narrow, coverage. *Watt v. Mittelstadt,* 690 S.W.2d 807, 810 (Mo.App., W.D. 1985). This construction is proper because it is the insurer who is responsible for drafting the ambiguous language. *Id.* Thus, insofar as the policy is open to different constructions, this court must adopt the one most favorable to the insured. *Nixon v. Life Investors Ins. Co. of Am.,* 675 S.W. 2d 676, 679 (Mo.App., W.D.1984). As a general principle, insurance policies are to be interpreted so as to afford coverage whenever it is reasonably possible to do so. *Greer v. Zurich Ins. Co.,* 441 S.W.2d 15, 30 (Mo.1969).

Appellant refers this court to *Travelers Indem. Co. v. Bohn,* 460 S.W.2d 642 (Mo. 1970). In *Bohn,* a homeowner's insurance policy excluded coverage for the ownership, maintenance or use of automobiles

"while away from the premises or the ways immediately adjoining." The court ruled that there was no coverage with respect to an automobile accident occurring on the same street which ran past the insured's house but which accident took place 847 feet and sixteen intervening houses from the insured's house. *Id.* at 643, 646. However, we are not persuaded that *Bohn* is controlling; while the insurance policy provisions in *Bohn* and the present case are similar in their definitions as to what constitutes insured premises, *Bohn* is clearly distinguishable. An automobile is generally covered by a separate policy of insurance rather than by one's homeowner's policy. If the court in *Bohn* had found coverage, the imperative of maintaining both homeowner's and automobile insurance would have been seriously questioned. Further, in *Bohn* the accident and injury took place 847 feet and sixteen houses from the insured's house, whereas in the present case the accident was caused by an action which occurred in front of the Bishops' house and the resulting injury ensued on property directly across the street from the Bishops' house. This court must construe the provisions of an insurance policy "in light of the specific situation with which the parties are dealing." *MFA Mut. Ins. Co. v. Dunlap,* 525 S.W.2d 766, 769 (Mo.App., E.D.1975).

In conclusion, we find that the provision providing coverage for "approaches and access ways immediately adjoining the insured premises" is fairly susceptible to the interpretation that it covers the accident which took place on the street in front of the Bishops' house. And, as the accident is covered, the injury which occurred on the Crowder property is also protected. For, where an ambiguity exists and it is necessary to determine the extent of coverage, all losses which are the direct and proximate result of the peril found to have been insured against are deemed to be covered by the policy. *Madison Block Pharmacy v. U.S. Fidelity,* 620 S.W.2d 343, 346 (Mo. banc 1981); *See also Cova v. Bankers & Shippers Ins. Co. of New York,* 100 S.W.2d 23, 29 (Mo.App., E.D.1937).

The judgment of the trial court is affirmed.

CRIST and GRIMM, JJ., concur.