BOATMEN'S FIRST NATIONAL BANK OF KANSAS CITY, Respondent,

v.

HAWKEYE–SECURITY INSURANCE COMPANY, Appellant.

BOATMEN'S FIRST NATIONAL BANK OF KANSAS CITY, Appellant,

v.

HAWKEYE–SECURITY INSURANCE COMPANY, Respondent.

Nos. WD 46880, WD 46906.

Missouri Court of Appeals, Western District.

July 13, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Application to Transfer Denied Oct. 26, 1993.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

FENNER, Presiding Judge.

Appellant, Hawkeye–Security Insurance Company (Hawkeye), appeals the summary judgment granted by the trial court in favor of respondent, Boatmen's First National Bank of Kansas City (Boatmen's).[1] Boatmen's cross-appeals challenging the denial by the trial court of attorneys' fees and penalties pursuant to section 375.420, RSMo 1986.[2]

Hawkeye wrote a Commercial Liability Insurance Policy insuring Max Cardozo for one year from November 12, 1989 to November 12, 1990. On December 27, 1989, Cardozo discovered that property belonging to Mash International, Inc. (Mash International) had been stolen from the location designated in the policy in question, a Lenexa, Kansas warehouse. Cardozo and his wife own jointly all of the stock in Mash International and theft is a cause of loss covered under the policy.

Cardozo submitted a claim for the stolen property which was denied by Hawkeye on the basis that Mash International was not covered under the policy. Following denial of coverage, Boatmen's, as loss payee, brought suit against Hawkeye. Boatmen's was granted summary judgment in its favor on the question of coverage. However, Boatmen's request for attorneys' fees and sanctions pursuant to section 375.420 was denied.

## HAWKEYE'S APPEAL

On appeal, Hawkeye argues that the trial court erred in granting summary judgment in favor of Boatmen's because the stolen property belonged to Mash International and was not insured under the policy.

Berry F. Laws, II, Kansas City, for Boatmen's First Nat'l Bank of Kansas City.

Diane M. Beers, Kansas City, for Hawkeye–Security Ins. Co.

1. The Merchants Bank brought this action as loss payee for breach of an insurance policy issued by Hawkeye. Due to its insolvency following the closure of the Merchants Bank by the Director of Finance for the State of Missouri, and pursuant to a Purchase and Assumption Agreement with the Federal Deposit Insurance Corporation as Receiver of The Merchants Bank, The New Merchants Bank, a division of Missouri Bridge Bank, National Association, acquired this cause of action and the claims at issue herein. Thereafter, pursuant to a purchase and assumption agreement, this cause of action together with other assets and liabilities of The New Merchants Bank were transferred to Boatmen's First National Bank of Kansas City. For the sake of clarity herein, the actions of its predecessors in interest are referred to as the actions of Boatmen's.

2. All statutory references are to RSMo 1986.

■ On appeal of a trial court's order granting summary judgment, an appellate court views the record in the light most favorable to the party against whom summary judgment was granted, determines if any genuine issues of material fact exist which would require trial, and determines if the judgment is correct as a matter of law. *Meyer v. Enoch*, 807 S.W.2d 156, 158 (Mo. App.1991).

■ The rules of construction applicable to insurance contracts require that the language used be given its plain meaning. *Robin v. Blue Cross Hosp. Service, Inc.*, 637 S.W.2d 695, 698 (Mo. banc 1982) (citations omitted). If the policy is unambiguous, it must be enforced according to its terms. *Id.* If the language is ambiguous, it will be construed against the insurer. *Id.* Language is ambiguous if it is reasonably open to different constructions; and language used will be viewed in light of the meaning that would ordinarily be understood by the layman who bought and paid for the policy. *Id.*

■ In the policy in question, the form of Cardozo's business is listed as "individual." The record reflects that Cardozo was a manufacturer's representative. Hawkeye does not dispute that the policy covers the business personal property of the named insured, Max Cardozo. The dispute in this case arises because of the fact that the stolen property was owned by Mash International, not Cardozo. Subsection A.1. of the Building and Personal Property Coverage Form contained in the policy defines "covered property", in pertinent part, as follows:

1. Covered Property

   Covered Property, as used in this Coverage Part, means the following types of property for which a Limit of Insurance is shown in the Declarations:

   a. Building ...

   b. Your Business Personal Property located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property Separation of Coverage form:

(1) Furniture and fixtures;

(2) Machinery and equipment;

(3) "Stock";

(4) All other personal property owned by you and used in your business;

(5) Labor, materials or services furnished or arranged by you on personal property of others; and

(6) Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:

(a) Made a part of the building or structure you occupy but do not own; and

(b) You acquired or made at your expense but cannot legally remove.

c. Personal Property of Others that is:

(1) In your care, custody or control; and

(2) Located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises.

Stock is defined in the policy as "merchandise held in storage or for sale, raw materials and in-process or finished goods, including supplies used in their packing or shipping."

The loss claimed in this case involves only personal property; therefore, the "Building" category of Covered Property is not at issue. The Declarations page of the Policy shows a limit of insurance for the "Personal Property of the Insured." There is no limit of insurance shown on the Declarations page for either the category of "Your Business Personal Property" or of "Personal Property of Others." Nonetheless, Hawkeye does not argue that the policy did not provide coverage for the business personal property of Cardozo. Such an argument, if accepted, would in effect seek to negate the entire policy because it would establish that there was not a limit of insurance shown for any of the three specific categories of property listed. Under the terms of the policy, as accepted by the parties, the business personal property of Max Cardozo was insured.

Stock is included under the general category of "Your Business Personal Property" as a category of property covered. The policy

language "Your Business Personal Property" arguably relates only to personal property owned by the insured. The definition of stock, however, provides coverage for "merchandise held in storage or for sale" by Cardozo and does not designate that the merchandise must be owned by the insured. The property of Mash International was stock, as defined in the policy, in that it was held in storage or for sale by Cardozo in his capacity as a manufacturer's representative.

The argument that the policy language "Your Business Personal Property" requires that, to be covered, property must be owned by the insured at best signifies that there is an ambiguity in the policy language. Such an ambiguity is required to be interpreted against Hawkeye. Therefore, the trial court did not err by interpreting the policy against Hawkeye and granting summary judgment in favor of Boatmen's.

Hawkeye's appeal is denied.

### BOATMEN'S APPEAL

In its appeal, Boatmen's argues that the trial court erred in denying its request for attorneys' fees and penalties for vexatious refusal to pay its claim in accordance with section 375.420.

Boatmen's request for attorneys' fees and penalties was included as a part of its motion for summary judgment. In other words, Boatmen's requested summary judgment in its favor on the question of vexatious refusal to pay.

In a motion for summary judgment the burden is on the movant to show that no genuine issue of material fact exists. *Earl v. State Farm Mut. Auto. Ins. Co.*, 820 S.W.2d 623, 624 (Mo.App.1991). Additionally, to support the imposition of the statutory penalty for vexatious refusal to pay, the insured must show that the insurer's refusal to pay the loss was willful and without reasonable cause, as the facts would appear to a reasonable and prudent person at the time the insurer was called upon to pay. *Russell v. Farmers & Merchants Ins. Co.*, 834 S.W.2d 209, 221 (Mo.App.1992). The mere fact that a judgment determines insurance coverage adverse to the position taken by the insurer

is not sufficient in itself to award damages for vexatious delay. *Id.; Trantham v. Home Ins. Co. of New York*, 137 S.W.2d 690, 693 (Mo.App.1940).

Boatmen's has failed to establish the absence of a material issue of fact in regard to whether the refusal of Hawkeye to pay was without reasonable cause. As discussed under Hawkeye's appeal above, Hawkeye argued that the terms of the policy did not cover property which belonged to Mash International. Under Hawkeye's appeal, we noted that the terms of the policy were ambiguous as to whether stock was required to be owned by the insured for coverage to apply. It cannot be said, for purpose of granting summary judgment, that Hawkeye's position denying coverage was without reasonable cause based upon the record provided. In other words, the record does not establish that no genuine issue of material fact exists on the question of whether Hawkeye had reasonable cause to argue that the property of Mash International was not covered.

Boatmen's appeal is denied.

The judgment of the trial court is affirmed.

All concur.