Deric Michael **RICE**, by his Next Friends, G. Bruce Rice and Debra J. **RICE**, his wife, Plaintiffs–Appellants,

v.

The **FIRE INSURANCE EXCHANGE**, Defendant–Respondent.

No. 19663.

Missouri Court of Appeals, Southern District, Division Two.

April 28, 1995.

Elizabeth A. Blaich, Summers, Walsh, Pritchett & Blaich, Poplar Bluff, for appellants.

Samuel P. Spain, Spain, Merrell & Miller, Poplar Bluff, for respondent.

PREWITT, Judge.

Plaintiffs appeal from summary judgment in favor of Defendant. At issue is the interpretation of an insurance policy issued to Earl Longhibler. Deric Michael Rice was injured while on a recreational vehicle operated by his father when it collided with a recreational vehicle operated by Longhibler on June 7, 1989 in Wayne County, Missouri. Longhibler had a homeowners insurance policy issued by Defendant.

Plaintiffs filed suit against Longhibler and judgment was entered in favor of Deric Michael Rice for $1,250,000.00 and in favor of G. Bruce Rice and Debra J. Rice for $250,-000.00. This action was then brought under § 379.200 RSMo Supp.1992.

Defendant filed a Motion for Summary Judgment asserting that its homeowners policy provided no coverage for the collision because of an exclusion pertaining to motor vehicles. The Motion asserted that the insurance policy defines "motor vehicle" as

a. a motorized land vehicle, including a trailer, semi-trailer or motorized bicycle, designed for travel on public roads.

b. any other motorized land vehicle designed for recreational use off public roads.

Defendant's Motion for Summary Judgment purports to incorporate by reference, apparently as an attachment, the insurance policy in question. However, in their briefs the parties acknowledge that the policy was not a part of the record in the trial court, and thus not a part of the record here.

Plaintiffs do not dispute that the policy excludes certain motor vehicles, but state that the policy, as referred to in Defendant's Motion for Summary Judgment, does cover Longhibler's recreational vehicle. This is because, in referring to excluded motor vehicles, the policy allegedly states:

None of the following is a motor vehicle:

d. a motorized golf cart while used for golfing purposes.

e. a motorized land vehicle used only on an insured location and not subject to motor vehicle registration.

f. a watercraft, camp home or utility trailer not being towed or carried on a vehicle described in 9a.

Plaintiffs contend that by excluding a motorized land vehicle used only on an insured location and not subject to motor vehicle registration from the definition of "motor vehicle", coverage is present here. They say that Longhibler's recreational vehicle falls under this description. Plaintiffs contend that what is an "insured location" is unclear from the record and thus this ambiguity should be resolved in favor of coverage.

■ On an appeal from summary judgment this Court reviews the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Fin. v. Mid–Am Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The party seeking summary judgment has to show a right to judgment based on undisputed facts. *Id.* at 378.

■ Language in insurance contracts is to be given its plain meaning. *Boatmen's First Nat'l. Bank of Kansas City v. Hawkeye–Security Ins. Co.,* 861 S.W.2d 600, 602 (Mo.App.1993). If a policy is unambiguous it is to be enforced according to its terms, if ambiguous, it is construed against the insurer. *Id.*

■ The law of contracts applies to insurance policies; and any claim or suit by either party must be based on the policy issued. *Bartleman v. Humphrey,* 441 S.W.2d 335, 342[1] (Mo.1969). The policy is construed as a whole. *Dieckman v. Moran,* 414 S.W.2d 320, 321[2] (Mo.1967). In construing an insurance contract, the entire policy and not detached provisions or clauses must be considered. *Doty v. Am. Nat'l. Ins. Co.,* 350 Mo. 192, 165 S.W.2d 862, 869[23] (1942). In determining if a contract is ambiguous, this Court is to consider the entire document. *Edgewater Health Care, Inc. v. Health Sys. Management* 752 S.W.2d 860, 865 (Mo.App.1988).

■ Here we do not have the policy, only excerpts from it. Respondent's brief indicates that the policy contained a definition of "insured location", but whether it did and what that definition is, if it exists, is not in the record. Defendant, as the movant for summary judgment, had the burden to show that it was entitled to such a judgment. *Boatmen's,* 861 S.W.2d at 603; *Earl v. State Farm Mut. Auto Ins. Co.,* 820 S.W.2d 623, 624 (Mo.App.1991).

■ Unless a document is so clear in its meaning that as a matter of law it precludes Plaintiff's recovery, a motion for summary judgment based on the contract should be denied. *Nat'l. Merchandising Corp. v. McAlpin,* 440 S.W.2d 489, 494 (Mo.App.1969). The record here does not establish that Defendant was entitled to summary judgment, as the policy was not in the record, and the interpretation of certain key phrases on this record is wholly speculative.

The judgment is reversed and the cause remanded for further proceedings.

GARRISON, P.J., and CROW, J., concur.