Deric Michael RICE, by his Next Friends, G. Bruce Rice and Debra J. Rice, his wife, Plaintiffs–Appellants,

v.

The FIRE INSURANCE EXCHANGE, Defendant–Respondent.

No. 20874.

Missouri Court of Appeals, Southern District, Division One.

June 10, 1997.

PER CURIAM.

Deric Michael Rice, a minor, by his next friends, G. Bruce Rice and Debra J. Rice, his wife, and G. Bruce Rice and Debra J. Rice, husband and wife, (Plaintiffs) appeal the summary judgment in favor of the Fire Insurance Exchange (Defendant).[1] In the trial court, both parties had moved for summary judgment.

At issue is the interpretation of a homeowner's insurance policy (the policy) issued to Earl Longhibler by Defendant.

Deric Michael Rice was injured while on a three-wheeler recreational vehicle operated by his father when it collided with a Suzuki Quad–Sport Four–Wheeler recreational vehicle, operated by Mr. Longhibler on June 7, 1989, on Rural Road 172 in Wayne County, Missouri.

The evidence shows that Mr. Longhibler had used his recreational vehicle at locations other than his home or any other insured location, as defined by the policy. He used it for camping trips and went "all over with it." No other policy of insurance insured Mr. Longhibler's four-wheeler.

Plaintiffs filed suit against Longhibler and judgment was entered in favor of Deric Michael Rice for $1,250,000.00 and in favor of G. Bruce Rice and Debra J. Rice for $250,-000.00. This action was then brought under § 379.200, RSMo Cum.Supp.1992.

Defendant filed a motion for summary judgment asserting that its homeowner's policy provided no coverage for the collision because of an exclusion pertaining to motor vehicles.

The motion asserted, in pertinent part, that the "Exclusions" provision relating to personal liability and medical payments to others, found on page seven of the policy, would not cover "bodily injury" or "property damage":

5. Arising out of the ownership, maintenance use, loading or unloading of:

.    .    .    .    .

Gerald L. Meyr, Summers, Walsh, Pritchett and Blaich, P.C., Poplar Bluff, for plaintiffs-appellants.

Samuel P. Spain, Spain, Merrell and Miller, Poplar Bluff, for defendant-respondent.

Before PREWITT and GARRISON, JJ., and BARNEY, P.J.

1. This case was previously before this Court in *Rice v. Fire Ins. Exchange*, 897 S.W.2d 635 (Mo. App.1995), where a prior summary judgment entered in favor of Defendant was reversed and remanded because the policy of insurance in question was not contained in the record for this Court's consideration.

b. A motor vehicle owned or operated by, or rented or loaned to, an insured.

. . . . .

In the "Definitions" section, on page one of the policy, it also sets out that:

9. Motor vehicle means:

a. a motorized land vehicle, including a trailer, semi-trailer or motorized bicycle, designed for travel on public roads.

b. any other motorized land vehicle designed for recreational use off public roads.

c. any vehicle while being towed by or carried on a vehicle described in 9a.

The policy further excluded the following from the definition of a motor vehicle:

d. a motorized golf cart while used for golfing purposes.

e. a motorized land vehicle used only on an insured location and not subject to motor vehicle registration.

f. a watercraft, camp, home or utility trailer not being towed or carried on a vehicle described in 9a. (emphasis omitted).

Defendant therefore argues that the vehicle that Mr. Longhibler was operating at the time of the accident "did not fall within the *exception* to the 'motor vehicle' definition contained in paragraph [9a]" above, because "the vehicle was used at places other than his home and, in fact, the accident involving Deric Rice did not occur on property owned by [Longhibler]." (emphasis added).

In their counter-motion for summary judgment, Plaintiffs do not dispute that the policy excludes certain types of motor vehicles from homeowner's coverage, but state that the policy as referred to in Defendant's motion for summary judgment, does cover Mr. Longhibler's recreational vehicle.

Plaintiffs contend that the policy was inherently ambiguous because the same vehicle was defined under the policy as being both a motor vehicle under "9b" and *not* a motor vehicle under "9e." Therefore, Plaintiffs contend that any ambiguity in the policy should be construed most strictly against the insurance company.

Additionally, relying on *MFA Mut. Ins. Co. v. Nye*, 612 S.W.2d 2 (Mo.App.1980) and *American Family Mut. Ins. Co. v. Bishop*, 743 S.W.2d 590 (Mo.App.1988), Plaintiffs argue that the policy exceptions did not limit coverage to the insured's home or property owned by the insured and, therefore, the insurer must provide coverage for the accident in question.

### I.

On an appeal from summary judgment, this Court reviews the record in the light most favorable to the party against whom judgment was rendered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply, Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The party seeking summary judgment has to show a right to judgment based on undisputed facts. *Id.* at 378.

∎ The language in an insurance contract is to be given its plain meaning. If a policy is unambiguous it is to be enforced according to its terms, and if ambiguous, it is construed against the insurer. *Rice v. Fire Ins. Exch.*, 897 S.W.2d 635, 637 (Mo.App. 1995). Whether or not the language of an insurance contract is ambiguous is a question of law. *Haggard Hauling & Rigging v. Stonewall Ins. Co.*, 852 S.W.2d 396, 399 (Mo. App.1993). An ambiguity exists when there is duplicity, indistinctness or uncertainty in the meaning of the language used in the policy. *Krombach v. Mayflower Ins. Co.*, 827 S.W.2d 208, 210 (Mo. banc 1992). If the language of the policy is ambiguous and reasonably open to different constructions then the language will be interpreted in the manner that would ordinarily be understood by the lay person who bought and paid for the policy. *Id.*

∎ In construing an insurance contract, the entire policy and not detached provisions or clauses must be considered. *Rice*, 897 S.W.2d at 637. Exclusionary clauses in insurance contracts are strictly construed against the insurer. *Southern Gen. Ins. Co. v. WEB Assoc./Elecs.*, 879 S.W.2d 780, 782 (Mo.App.1994). If an exclusionary clause is ambiguous, we must adopt a construction favorable to the insured. *Id.*

## II.

We determine that the definitions of a "motor vehicle" in Defendant's policy are not ambiguous. *See Krombach,* 827 S.W.2d at 210.

Sub-paragraphs 9a, 9b, and 9c define the types of vehicles that are considered "motor vehicles," hence excludable from coverage under the policy.

■ In his deposition, Mr. Longhibler's testified that his fourwheeler was "designed for off-road use" and acknowledged that he used the vehicle for recreational purposes and did not use it for anything other than recreational purposes. Mr. Longhibler's four-wheeler fits within the definition provided in sub-paragraph 9b of the policy.

Sub-paragraphs 9d, 9e, and 9f, are *narrower* definitions that serve as *exceptions* to sub-paragraphs 9a, 9b, and 9c. In other words, the policy provides coverage for the limited types of vehicles described in these latter three sub-paragraphs.

We thus determine that a layman reading the policy would understand that a motorized land vehicle designed for recreational use, off public roads is not covered *unless* it fits the description of the vehicles listed in sub-paragraphs 9d, 9e, or 9f; that is, only if the vehicle is a motorized golf cart, a motorized land vehicle *used only on an insured location* [2] and not subject to motor vehicle registration, or is a watercraft, camp home or utility trailer not being towed or carried on a vehicle described in "9a."

Clearly, the term "insured location" as set out in the policy does not encompass public Rural Road 172 in Wayne County, Missouri. Consequently, there is no homeowner's coverage.

Plaintiffs rely on *Bishop* and *Nye* as support for their proposition that the policy's exceptions did not limit coverage under the policy to Mr. Longhibler's home. We determine neither of the cases avails Plaintiffs.

In *Bishop,* the insured was involved in a go-cart accident. *Bishop,* 743 S.W.2d at 591. The policy in question excluded coverage for damages arising out of the use of motorized vehicles if the motor vehicle was *off any insured premises* at the time of the accident. *Id.* The case turned on the definition of "insured premises" which was defined to include "approaches and access ways immediately adjoining the insured premises." *Id.* at 591–92. The *Bishop* court determined that since the accident occurred on the street in front of insured's house, the street constituted "an approach or access way immediately adjoining the insured premises" and there was coverage. *Id.* *Bishop* is clearly distinguishable under the facts.

In *Nye,* the insured's son was mowing a neighbor's lawn while using the neighbor's riding lawnmower when the son injured the neighbor's daughter. *Nye,* 612 S.W.2d at 3. The *Nye* homeowner's policy excluded coverage for bodily injury arising out of the business pursuits of the insured and "arising out of any premises other than the insured premises." *Id.* at 4. The *Nye* court held that the insured's son's activities did not constitute coverage for business pursuit which was otherwise excludable under the terms of the policy. *Id.* at 4–5. Of course, the instant case does not concern itself with a business pursuits exclusion and is therefore inapplicable.

*Nye* is further distinguishable because it did not involve the interpretation of a motor vehicle exclusion provision. Additionally, the *Nye* court limited its opinion to those arising "under the facts and circumstances of [the] case." *Id.*

---

2. Paragraph 8 of the Definitions section of page one of the policy provides that insured location means: "a. the residence premises. b. any other premises acquired by you during the policy period for your use as a residence. c. part of any other premises used by you as a residence and shown in the Declarations. d. any premises used by you in connection with the premises included in 8a, 8b, or 8c; e. part of a premises not owned by an insured but where an insured is temporarily residing. f. part of a premises occasionally rented to an insured for non-business purposes. g. vacant land, other than farm land, owned by or rented to an insured if described in the policy. h. land owned by or rented to an insured on which a one or two family dwelling is being built as a residence for an insured. i. cemetery plots or burial vault of an insured." (emphasis omitted).

The *Nye* court determined that the exclusion from homeowner's coverage for activities that occur on premises other than the insured premises, applied only to the liability that was related to the *condition* of the premises insured, and not to the general liability for the tortious conduct of the insured. *Id.* at 4–5. The *Nye* court determined that the insurer had "not chosen to geographically limit the coverage provided for tortious personal conduct of the insured" and, therefore, there was homeowner's coverage. *Id.* at 5. This, however, is not the situation in the instant case.

Sub-paragraph 5b of the instant policy expressly provides that there is no coverage for "bodily injury" or "property damage," "[a]rising out of ownership, maintenance, use, loading or unloading of: a motor vehicle owned or operated by or rented or loaned to an insured."

Sub-paragraph 9b of the instant policy defines a "motor vehicle" as "any other motorized land vehicle designed for recreational use . . . ."

■ However, the *exception* to the definition of "motor vehicle" (which would otherwise make homeowner's coverage available to cover this occurrence) is expressly, geographically limited to those types of "motorized land vehicle[s] *used only on an insured location,*" as defined by sub-paragraphs 8a through 8i. Given the facts of the instant case, the Longhibler vehicle is not encompassed within the *exception* to the definition

of motor vehicle, because the motorized land vehicle was not "used only on an insured location and not subject to motor vehicle registration."

■ The restrictive/exclusionary provisions of the policy are expressed in plain and unambiguous language, as are its exceptions. A court may not create an ambiguity in order to distort the language of an unambiguous policy, or in order to enforce a particular construction which it might feel is more appropriate. *Trapf v. Commercial Union Ins. Co.*, 886 S.W.2d 144, 147 (Mo.App.1994). Where language in an insurance contract is unequivocal, it is to be given its plain meaning notwithstanding the fact that it appears in a restrictive provision of the policy. *Meeks v. Berkbuegler*, 632 S.W.2d 24, 26 (Mo.App.1982). Where insurance policies are unambiguous, the rules of construction are inapplicable, and absent a public policy to the contrary, the policy will be enforced as written. *Zemelman v. Equity Mut. Ins. Co.*, 935 S.W.2d 673, 675 (Mo.App.1996). Point denied.

The judgment of the trial court is affirmed.