United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1045

Marshall Stein,                        *

                                *

   Appellant,                 *   Appeal from the United States

                                *   District Court for the Eastern

   v.                         *   District of Missouri.

                                *

State Farm Fire and Casualty Company,  *

                                *

   Appellee.                 *

_____

Submitted:  June 10, 1997

Filed:  August 7, 1997

_____

Before BOWMAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

      Marshall Stein appeals the trial court's entry of judgment in favor of State Farm
Fire and Casualty Company following a bench trial. For the reasons discussed below,
we affirm the judgment of the trial court.[1]

_____

     [1]The Honorable Stephen Nathaniel Limbaugh, United States District Judge for
the Eastern District of Missouri.

## I.

Mr. Stein was the vice-president of Dynamite Foods, Inc., a company for which Frances Ithier worked for two years. After leaving the company, she sued Mr. Stein and the company, alleging that Mr. Stein had sexually harassed her, both verbally and physically, while she was an employee. During the relevant time period, Mr. Stein had a Personal Liability Umbrella Policy with State Farm that, as relevant here, covered losses that he became "legally obligated to pay as damages for personal injury," including damages for assault and battery. The policy, however, excluded coverage for "loss caused by illegal discrimination."

More than ten months after Ms. Ithier filed her suit and less than a month prior to the trial date, Mr. Stein notified State Farm of the suit and requested State Farm to defend him. A week later, State Farm assigned an attorney to the case, but it reserved the right to deny coverage because of Mr. Stein's failure to notify State Farm "right away," as the policy required, in the event that a suit was filed against him. A few days later the parties settled and Mr. Stein paid part of the settlement amount. When State Farm informed Mr. Stein that, because of his tardiness in notifying it of the lawsuit against him, it would not cover his loss, he filed suit against State Farm for a judgment declaring that State Farm had a duty under the policy to make good his losses and for vexatious refusal to pay. When the trial court entered judgment for State Farm, both because of late notice and because there was no coverage under the policy in any event, this appeal followed.

## II.

Ms. Ithier's complaint contained two counts -- one for sexual harassment, the other for assault and battery. Mr. Stein argues that since the policy covers him for any losses suffered on account of damages that he is legally obligated to pay for assault and battery, he is entitled to recover under the policy. State Farm, on the other hand, points to the language in the policy that excludes from coverage any damages attributable to illegal discrimination, and maintains that this language affords it a defense to payment.

-2-

Ms. Ithier's complaint states, in its opening sentence, that "[t]his is an individual employment discrimination action seeking declaratory, injunctive and monetary relief due to Defendant's sex discrimination and harassment against Plaintiff in violation of her rights" under federal and state civil rights laws. It is true that at the end of her complaint she rehearses the allegations that she made earlier in support of her discrimination claim, and asserts that they amount as well to assault and battery. But we think that the important fact is not how Ms. Ithier characterized her cause of action, but whether the facts pleaded could be characterized as stating a claim for illegal discrimination.

That is because under Missouri law, in deciding whether losses suffered are covered by a liability policy, courts look to the allegations in the underlying complaint and compare them to the language in the insurance policy. If the complaint against the insured alleges facts outside the insurance policy's coverage, the insurer has a defense to the insured's claim. Reliance Ins. Co. v. Shenandoah South, Inc., 81 F.3d 789, 791 (8th Cir. 1996). The question for us, then, is whether the facts contained in Ms. Ithier's complaint, however she may have characterized them as a legal matter, describe a set of circumstances that give rise to coverage for Mr. Stein. We think that they do not.

We agree with Mr. Stein that Missouri courts will resolve ambiguities in a contract in favor of coverage. But in deciding whether there is an ambiguity, a court must consider the policy as a whole. Rice v. Fire Ins. Exchange, 946 S.W.2d 40, 42 (Mo. Ct. App. 1997) (per curiam). In this case, we see no occasion to resolve an ambiguity, because we believe that none exists. The two provisions can be read together to indicate an intention to cover losses caused by damages paid for assault and battery, unless that assault and battery also amounts to illegal discrimination. That the policy covers losses caused by assault and battery but not those caused by illegal discrimination does not, as Mr. Stein argues, render coverage illusory. The policy still covers assaults and batteries that do not also amount to illegal discrimination. The two clauses, considered together, are therefore not ambiguous, and they lead to the

-3-

conclusion that Mr. Stein cannot prevail.  See also American Family Mutual Ins. Co. v. Copeland-Williams, 941 S.W.2d 625, 629-30 (Mo. Ct. App. 1997).

Since the loss for which Mr. Stein seeks recovery is not covered by the relevant policy, we do not reach the question whether Mr. Stein's delay in notifying State Farm of the lawsuit against him gave State Farm a defense to his claim.

## III.

For the reasons indicated, we affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.