David **SCHENEWERK,** Appellant,

v.

**MID–CENTURY INSURANCE CO.** and **Leonard Kohler,** Respondents.

No. **ED 89766.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 15, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 2008.

James F. Malone, St. Louis, MO, for Appellant.

John J. Hummel, Daniel E. Wilke St. Louis, MO, for Respondent.

Before MARY K. HOFF, P.J., SHERRI B. SULLIVAN, J., and GEORGE W. DRAPER III, J.

## OPINION

David Schenewerk (hereinafter, "Schenewerk") appeals the trial court's grant of summary judgment in favor of Mid–Century Insurance Company (hereinafter, "Mid–Century") on his claim seeking an equitable garnishment. At issue is the interpretation of a homeowner's policy issued to Leonard Kohler (hereinafter, "Kohler") by Mid–Century. Schenewerk raises one point on appeal, arguing the

trial court erred in granting summary judgment in that the policy afforded coverage under the motor vehicle exemption. In the same point, Schenewerk alternatively asserts the language of the policy is ambiguous and should be construed strictly against Mid–Century and in favor of providing coverage. We reverse and remand.

The material facts are undisputed. Schenewerk and Kohler were neighbors who resided in Herculaneum, Missouri. Behind Kohler's residence was a large open field owned by Kohler. On September 23, 2000, Schenewerk, Kohler, and a friend of Kohler's were using their dirt bikes on the field behind Kohler's home. Kohler's bike struck Schenewerk on the left side, pinning Schenewerk's left leg between his dirt bike and Kohler's. Schenewerk suffered extensive injuries as a result of the accident and had to undergo surgery to repair the damage. Schenewerk subsequently filed suit against Kohler and recovered a verdict in the amount of $325,000 on November 10, 2004.

On April 6, 2005, Schenewerk filed an equitable garnishment action pursuant to Section 379.200 RSMo (2000)[1] against Kohler and Mid–Century in order to collect the policy limits and statutory interest under the policy issued by Mid–Century to Kohler in partial satisfaction of the underlying judgment. Both parties moved for summary judgment. The trial court ruled Kohler's homeowner's insurance policy issued by Mid–Century did not afford coverage for the underlying judgment. Schenewerk now appeals.

■■■ It is well-settled that when considering an appeal from a grant of summary judgment, we review the record in the light most favorable to the nonmovant. *ITT Commercial Fin. v. Mid–America*

*Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo*. *Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* A summary judgment movant has the burden to establish a legal right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378. "The moving party bears the burden of establishing a right to judgment as a matter of law." *Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. banc 2006).

In his sole point on appeal, Schenewerk challenges the trial court's grant of summary judgment in favor of Mid–Century on two grounds. First, Schenewerk claims Kohler's dirt bike fell within the motor vehicle exemption, and therefore, Mid–Century must afford coverage for the damages he suffered as a result of the accident which occurred on Kohler's property. Mid–Century disagrees, arguing the dirt bike fell within an exclusion from coverage and was not covered by the language of the exemption. Alternatively, Schenewerk asserts the phrase "used only on an insured location" is ambiguous. As a result, Schenewerk argues any ambiguity should be construed strictly against Mid–Century and in favor of affording Kohler coverage.

■■■ The interpretation of an insurance policy is a question of law that this Court reviews *de novo*. *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007). "When construing an insurance policy, we must give the words their plain meaning, consistent with the reasonable expectations, objectives, and intent of the parties." *Bowan ex rel. Bowan v. General Sec. Indemn. Co. of Arizona*, 174 S.W.3d 1, 7 (Mo.App. E.D.2005). Within

---

**1.** All statutory references are to RSMo (2000) unless otherwise indicated.

that context, "[p]roper interpretation requires that we seek to harmonize all provisions of the policy to avoid leaving some provisions without function or sense." *Stone v. Farm Bureau Town & Country Ins. Co. of Missouri,* 203 S.W.3d 736, 746 (Mo.App. S.D.2006)(*quoting Kyte v. American Family Mut. Ins. Co.,* 92 S.W.3d 295, 299 (Mo.App. W.D.2002)). The insurer bears the burden of establishing that an exclusion to coverage applies. *Shelter Mut. Ins. Co. v. Ballew,* 203 S.W.3d 789, 792 (Mo.App. W.D.2006).

The homeowner's policy issued by Mid–Century declares it "will pay those damages which an insured becomes legally obligated to pay because of bodily injury, property damage or personal injury resulting from an occurrence to which this coverage applies." In "Section II–Exclusions," the policy specifically states it will not cover "bodily injury, property damage, or personal injury which ... results from the ownership, maintenance, use, loading or unloading of ... motor vehicles." The homeowner's policy defines a "motor vehicle" in Definition 11 as:

a. a motorized land vehicle, including a trailer, semi-trailer or motorized bicycle, designed for travel on public roads.

b. any vehicle being towed or carried on a vehicle described in 11.a.

c. any other motorized land vehicle designed for recreational use off public roads.

However, the policy then declares that none of the following is a motor vehicle:

a. a motorized golf cart while on the golf course and used for golfing purposes.

b. a motorized land vehicle, not subject to motor vehicle registration, used only on an insured location.

c. any watercraft or camp, home or utility trailer not being towed or carried on a vehicle described in 11a.

 It is undisputed Kohler's dirt bike fell within definition 11c. in that it was "any other motorized land vehicle designed for recreational use off public roads." However, Schenewerk argues the dirt bike came under the exemption as well because it was undisputed Kohler's dirt bike was a motorized land vehicle, not subject to motor vehicle registration, and the accident occurred on the insured location. Therefore, Schenewerk asserts that the phrase "used only on an insured location" refers to the location of the motor vehicle at the time of the occurrence, not prior usage. Mid–Century disagrees, construing the phrase to mean the dirt bike can only ever be used on the insured location and any use off of the insured location, whether at the time of the occurrence or otherwise, would void coverage.

 The only Missouri case that alludes to the meaning of the phrase "used only on an insured location" is *Rice v. Fire Ins. Exchange,* 946 S.W.2d 40 (Mo.App. S.D.1997).[2] In *Rice,* the plaintiff's son was injured while riding a three wheeled recreational vehicle when it collided with the homeowner's recreational vehicle on a rural road. *Id.* at 41. It was undisputed the homeowner used the recreational vehicle at locations other than at his home or any other insured location. *Id.* After the plaintiffs obtained a judgment against the homeowner, the plaintiffs brought an action against the homeowner's insurer pursuant to Section 379.200. *Id.* The trial

**2.** Mid–Century urges us to follow *Christie v. Illinois Farmers Ins. Co.,* 580 N.W.2d 507 (Minn.App.1998). Out-of-state appellate decisions do not constitute controlling precedent in Missouri courts. *Craft v. Philip Morris Companies, Inc.,* 190 S.W.3d 368, 380 (Mo.App. E.D.2005).

court entered summary judgment in favor of the insurer, finding the homeowner's policy provided no coverage for the accident because of an exclusion pertaining to motor vehicles. *Id.* The plaintiffs appealed.

The insurance policy language in *Rice* was identical to the language at issue here. On appeal, the insurer contended the policy afforded no coverage because the recreational vehicle was used at places other than the homeowner's home and the accident occurred off of the insured location. The plaintiffs argued the policy was inherently ambiguous because the recreational vehicle was defined as a motor vehicle within the exclusion and not as a motor vehicle within the exemption. The plaintiffs further alleged the policy did not limit coverage to only the insured location.

The Southern District affirmed the trial court's grant of summary judgment, holding the policy language was unambiguous. *Id.* at 43. The court explained that "a layman reading the policy would understand that a motorized land vehicle designed for recreational use, off public roads is not covered *unless* it fits the description of the vehicles listed" in the exemptions, including being used only on an insured location. *Id.* The court reasoned that the exemption, which would afford coverage was "expressly, geographically limited to those types of 'motorized land vehicles [s] *used only on an insured location*'...." *Id.* at 44. Since the rural road where the accident occurred was not encompassed within the policy's definition of an insured location, the court held there was no coverage. *Id.* at 43. The Southern District declined to address the insurer's argument that use of the vehicle at locations other than the insured location voided coverage.

Since *Rice* is not directly on point with the case at bar, we begin by examining the phrase, "used only on an insured location." Schenewerk argues placement of the word "only" is critical to interpreting the policy. Schenewerk urges us to find "only" modifies "an insured location" because "only" is immediately preceding the phrase it is meant to modify. Mid–Century disagrees, arguing "only" is an adverb, and as such, rightfully modifies the word "used."

Many writing texts address the issue of the usage of the word "only." "Normally, the proper positioning of the word *only* requires no more than asking yourself, 'What does it actually modify?'" Theodore M. Bernstein, *The Careful Writer: A Modern Guide to English Usage* 315–16 (The Free Press 1998). Bryan Garner opined, "*Only* is perhaps the most frequently misplaced of all English words. Its best placement is precisely before the words intended to be limited. The more words separating *only* from its correct position, the more awkward the sentence; and such a separation can lead to ambiguities." Bryan A. Garner, *The Dictionary of Modern American Usage,* 469 (Oxford University Press 1998). *The Random House Dictionary of the English Language* 1354 (2nd ed.1987) defines "only" as an adverb which means, within the context of this case, "without others or anything further; alone; solely; exclusively...." In addition to the definition, Random House also provides guidance on usage, stating, "Especially in formal writing, the placement of *only* immediately before what it modifies is often observed....However, there has long been a tendency in all varieties of speech and writing to place *only* before the verb ... and such placement is rarely confusing." *Id.*

"Absent an ambiguity, an insurance policy must be enforced according to its terms." *Seeck,* 212 S.W.3d at 132. An ambiguity only exists when there is duplicity, indistinctiveness, or uncertainty

in the meaning of the words used in the insurance policy. *Poage v. State Farm Fire & Cas. Co.,* 203 S.W.3d 781, 783–84 (Mo. App. S.D.2006). "When an insurance contract's language is ambiguous, a rule of interpretation is that we apply a meaning that would ordinarily be understood by the insured and, because the insurer typically is the party responsible for the ambiguity as the contract's drafter, we construe ambiguous provisions in an insurance policy against the insurer." *Hunt v. Everett,* 181 S.W.3d 248, 250 (Mo.App. W.D.2006). Stated differently, "[i]f the language of the policy is ambiguous and reasonably open to different constructions then the language will be interpreted in the manner that would ordinarily be understood by the lay person who bought and paid for the policy." *Rice,* 946 S.W.2d at 42.

After reviewing the authoritative texts on word usage, we recognize the plausibility of the arguments raised by both parties based upon their interpretations of what portion of the clause "only" is intended to modify. Since we find both arguments viable, and have found scholarly sources which indicate both uses are correct, we find the policy can be subject to more than one reasonable interpretation. As such, we find the policy language ambiguous, and therefore, must resolve that ambiguity in favor of Kohler.

Further, the record contains Kohler's statements in an affidavit that he believed he had coverage when he used his dirt bike on the insured location and did not have coverage when he used his dirt bike off of the insured location. It is undisputed the accident occurred on the insured location. Thus, based upon the ambiguity presented in the policy and Kohler's belief he had coverage while using his dirt bike on the insured location, we hold Mid–Century must provide Kohler coverage for the injuries Schenewerk received. Point granted.

The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

MARY K. HOFF, P.J., SHERRI B. SULLIVAN, J., and GEORGE W. DRAPER III, J., concurring.